Exhibit A

AO 245B    (Rev. 12/03) Judgment in a Criminal Case
Sheet 1

Case 6:05-cr-00043-RAW    Document 110    Filed in USDC ED/OK on 07/12/2006    Page 1 of 6
CR-05-00043-RAW-JAT    Document 28-1    Filed 05/29/07    Page 2 of 101

# UNITED STATES DISTRICT COURT

Eastern                    District of                    Oklahoma

| UNITED STATES OF AMERICA | JUDGMENT IN A CRIMINAL CASE |
|---|---|
| **V.** | |
| JIMMY C. CHISUM | Case Number:    CR-05-00043-001-RAW |
| | USM Number:    84388-008 |

Jimmy C. Chisum, pro se;   Stephen J. Knorr, stand by counsel
Defendant's Attorney

## THE DEFENDANT:

☐ pleaded guilty to count(s) _____

☐ pleaded nolo contendere to count(s) _____
which was accepted by the court.

■ was found guilty on count(s)    One, Two, Three and Four of the Indictment
after a plea of not guilty.

**FILED**

**JUL 1 2 2006**

WILLIAM B. GUTHRIE
Clerk, U.S. District Court

By: _____
Deputy Clerk

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 26:7201 and 18:2 | Tax Evasion | March 25, 2002 | 1 |
| 26:7201 and 18:2 | Tax Evasion | March 25, 2002 | 2 |
| 26:7201 and 18:2 | Tax Evasion | March 25, 2002 | 3 |
| 26:7201 and 18:2 | Tax Evasion | March 25, 2002 | 4 |

The defendant is sentenced as provided in pages 2 through ____6____ of this judgment.  The sentence is imposed pursuant to Title 18, Section 3553(a) of the United States Criminal Code.

☐ The defendant has been found not guilty on count(s) _____

☐ Count(s) _____ ☐ is   ☐ are  dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant must notify the court and United States attorney of material changes in economic circumstances.

July 6, 2006
Date of Imposition of Judgment

_Ronald A. White_
Signature of Judge

RONALD A. WHITE, U.S. DISTRICT JUDGE
Name and Title of Judge

E.O.D.  7/12/06
Date

| | | Judgment — Page | 2 | of | 6 |
|---|---|---|---|---|---|

**DEFENDANT:**     JIMMY C. CHISUM
**CASE NUMBER:**     CR-05-00043-001-RAW

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a term of:     60 months on each of Counts One, Two and Three, and 37 months on Count Four.

The terms of imprisonment imposed on Counts One, Two and Three shall run concurrent to one another. The term of imprisonment imposed on Count 4 shall run consecutive to the term of imprisonment imposed on Counts One, Two and Three.

■  The court makes the following recommendations to the Bureau of Prisons:
That the defendant be placed in a Bureau of Prisons facility as close to family as possible to facilitate family contact.

■  The defendant is remanded to the custody of the United States Marshal.

☐  The defendant shall surrender to the United States Marshal for this district:

   ☐  at _____   ☐  a ☐p  on _____ .

   ☐  as notified by the United States Marshal.

☐  The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐  before 12:00 Noon on _____

   ☐  as notified by the United States Marshal.

   ☐  as notified by the Probation or Pretrial Services Office.

# RETURN

I have executed this judgment as follows:

Defendant delivered on _____ to _____

a _____ , with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
DEPUTY UNITED STATES MARSHAL

Exhibit B

## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF OKLAHOMA

United States of America )
     Plaintiff )
         )
V.         )   Case 05 CR 043 WHT
         )
Jimmy C. Chisum, sui juris )
     Defendant )
_____)

### Jimmy C. Chisum's Judicial notice F.R.E. 401

1. This court is noticed of the United States Constitution's mandate for due process.

2. This court is noticed of the oath occurring at **28 USC sec. 453** TITLE 28 – JUDICIARY AND JUDICIAL PCEDURES PART 1 – ORGANIZATION OF COURTS CHAPTER 21 – GENERAL PROVISIONS APPLICABLE TO COURTS AND JUDGES Sec. 453 Oath of Justices and Judges. Each justice or judge of the United States take the following oath or affirmation before performing the duties of this office. "I _____, do solemnly swear (or affirm) that I will administer justice without respect to persons, and do equal right to the poor and the rich, and that I will faithfully and impartially discharge and perform all the duties incumbent upon me as _____ under the Constitution and Laws of the United States, So help me God." This court is further noticed that the refusal of production of the oath as verification of jurisdiction and authority creates the presumption that no such oath exists and the office of judge in the court remains vacant until such time as authority is proven by substantive evidence and reliable fact witness.

3. This court is noticed of decisions by the United States Supreme Court wherein that court ruled and determined that the Sixteenth Amendment conferred no new taxing powers on Congress which were not inherent from the beginning of the Constitution, that the income tax is an indirect tax in the nature of an excise tax applying uniformly to

revenue taxable activities. *See Brushaber v Union Pacific Railroad,* 240 US 1, at page 18 (1916); *Redfield v. Fisher,* 292 P 813, at page 819 (1930); *Eisner v Macomber,* 252 US 189 at age 206; *Stanton v. Baltic Mining Co.* 240 US 103 at page 112-113; *William E. Peck v. Lowe,* 247 US 165 at page 172; and *Evans v. Gore, (06/01/20),* Supreme Court of the United States, 1920 SCT 40362, 40 S. Ct. 263, 243 US 245.

4.  This court is noticed that inferior court decisions, such as Collins 920 F.2d, 619, do not and can not ignore, overrule or overturn existing decisional precedent from the Supreme Court, nor do inferior courts (USDC and 10th Cir,) have the power to interpret, ignore, or make frivolous any Supreme Court decision; but rather are by Oath, statute and precedent inferior and therefore obligated by rule of law to follow precedent without question or debate. Calling the Supreme Court authority frivolous is a serious violation of judicial code of conduct; and brings ill repute upon the SupremeCourt.

5.  This court is noticed that it is unlawful and a felony for this court in connection with the collection of a tax, to use this court's power of office extortionately, to ask for or demand sums that are greater than or different from actually due and owing the Treasury, or receive any sums as a bonus or reward in conjunction with the collection of any tax except as authorized by law, to prepare a false document relative to a tax or to fail to report a violation of revenue laws. See 26 USC sec. 7214(a).

6.  This court is noticed that the Income taxes are Constitutional laid and clearly articulated by Congress pursuant to Article 1 at 26 USC ss 4001, 4003, 4041, 4042, 4051, 4064, 4071, 4081, 4091, 4121, 4131, 4161, 4181, 4251, 4261, 4271, 4371, 4461, 4481, 4611, 4661, 4671, 4682, 4701, 4911, 4912, 4940, 4942, 4943, 4944, 4945, 4948, 4951, 4952, 4953, 4955, 4958, 4971, 4972, 4974, 49975, 4976, 4977, 4978, 4979, 4979A, 4980, 4980B, 4980C, 4980D, 4980E, 4981, 4982, 4999, 5000, 5001, 5041, 5051, 5701, and 5881.

7.  This court is noticed that the defendant is not engaged in any activity identified in any of the above code sections and foregoing statutes, and therefore not made liable for an income tax.

8.  This court is judicially noticed that 26 USC 7201 is a penalty statute; and not a taxing statute.  Where there is no taxing statute as in 6 and 7 there can be no penalty imposed and where there is no regulation there is no penalty imposed; UNITED STATES v. MERSKY, 361 U.S. 431 (1960); CALIFORNIA BANKERS ASSN. v. SHULTZ, 416 U.S. 21 (1974).

9.  This court is noticed that the indictment does not contain any one of the above statutes making either Brian and Mitzi Chadsey or defendant liable for any of the taxes laid by Congress within Congresses power to lay and collect taxes.

10.  This court is noticed that the "Bill of Particulars dies not allege or contain verifiable fact or competent witness notice of testimony to verify any of the above liability statutes or obligations to income tax imposed by Congress."

11.  The Court is noticed that the evidence submitted and testimony does not contain any proof of any of the above liability statutes or Code sections to impose a tax liability on Brian and Mitzi Chadsey or defendant.  There is no documentary evidence verified by the testimony of a competent fact witness to establish any statutory liability for any of the Constitutional taxes imposed by Congress.

12.  The court is noticed that there is no tax assessment, Summary record of Assessment Form 23 (C), Assessment, or registry of Assessment alleged in the indictment as an essential element of the alleged grime.

13.  The court is noticed that there is no Tax Assessment, Summary record of Assessment Form 23(C), or registry of assessment alleged or verified in the Bill of Particulars.

14.  The court is noticed that there is no Tax Assessment, Summary Record of Assessment Form 23(C), or registry of Assessment presented at trial by any competent fact

witness to authenticate and verify an assessment, an essential element of the alleged criminal conduct.

15.    This Court is noticed of Article 1 Section 10 Clause 1 of the United States Constitution and its prohibition against any lawmaking to impair the obligations of contract. United States and Washington D.C. are defined as states in 26 USC 7701, and Supreme Court Precedent and therefore has no power to impair the obligations of contracts.

16.    This court is noticed that any judgment or decision administratively or judicially done without jurisdiction or authority or that denies due process is a Void Judgment. Milliken v. Meyer, 311 U.S. 457; **Fed. Rules Civ. Proc., Rule 60(b)(4), 28 U.S.C.A.; U.S.C.A. Const. Amend. 5.** Void order may be attacked, either directly or collaterally, at any time, In re Estate of Steinfield, 630 N.E.2d 801, certiorari denied, See also Steinfeld v. Hoddick, 513 U.S. 809, (Ill. 1994).

Prepared and submitted this 6th day of March, 2006 AD

_____

Jimmy C. Chsium, sui juris

Certificate of Service

I, Jimmy C. Chsium, hereby certify that a copy of the foregoing Judicial Notice has been delivered to Jeffrey Gallant, AUSA this 9th day of March, 2006.

_____

Jimmy C. Chisum, Sui Juris, Pro Per

4

Exhibit C

**United States District Court**

**Eastern District of Oklahoma**

| | | |
|---|---|---|
| United States of America<br>    Plaintiff | ) | Judge White |
| v. | ) | CASE NO. CR 05-43 WH |
| Jimmy C Chisum   sui juris<br>    Accused Pro Per | ) | Motion for Verdict of<br>Acquittal Notwithstanding<br>the Verdict of the Jury<br>With Counterclaim |

| | | |
|---|---|---|
| Jimmy C. Chisum   sui juris<br>    CounterClaimant | ) | |
| v. | ) | COUNTERCLAIM for<br>DAMAGES |
| UNITED STATES OF AMERICA<br>    Et al  Respondent | ) | Jury demanded |

      Comes now the defendant, Jimmy C. Chisum, a living man in his proper person, and moves this court for verdict of acquittal not with standing the verdict of the jury and for damages under Counter-Claim with Jury Demanded.

## STATEMENT OF REASONS

### Defective indictment and prosecution

      1. On April 14, 2005 the Grand Jury returned a True Bill for indictment based on fraud against that Grand Jury by US Attorney's Office on behalf of Internal Revenue Service acting in the name of UNITED STATES OF AMERICA while trespassing within the sovereign territory of the republic state called Oklahoma. Witnesses fraudulently testified at the subornation of AUSA Gallant and AUSA Cecil causing the Grand Jury to err in its solemn duty. While the court may not highly regard the U.S. Attorneys manual the alleged plaintiff attorney is bound by his oath and office to the express language and requirements of that manual in the execution of oath, office and representation of the

1

plaintiff. Plaintiff may not venture beyond the express limitations of the manual without express written authority. The limitations to jurisdiction in the United States Attorneys Manual as cited in pretrial are the limits to Plaintiff Attorney's legitimate authority absent other proofs entered on the record by a competent fact witness, which excluded the attorney. On August 11, 2005 Defendant was subjected to wrongful arrest based on a perjured Affidavit of probable cause erroneously sworn by alleged CID agent Skaggs as suborned by AUSA Gallant or others associated with IRS or US Attorney.

3. On August 12, 2005 Magistrate Duncan conducted fraudulent process without Jurisdiction or authority and wrongfully imprisoned defendant over to August 16, 2005 for further illegitimate process. Duncan attempted to extort a fraudulent contract from defendant to waive rights and jurisdiction. Jurisdiction can not be waived; stolen; extorted; or captured as prize by privateers; and was not granted by defendant. No evidence of jurisdiction was entered into the record by a competent fact witness to establish subject matter jurisdiction and all acts of Duncan are factually and legally voids.

4. On August 16, 2005 Magistrate Duncan continued the extortion process attempting to lure defendant into some sort of equity or admiralty contact to grant the court powers not present in the constitution or Statute. No magistrate has felony powers granted by congress, 28 U.S.C. 636, and are not Article III judicial officers or judges. All acts and actions are criminal acts by a perpetrator of fraud; wrongfully induced by plaintiff agents or assigns in a series of malicious criminal acts to extort or trick the court into wrongful imprisonment from false arrest.

5. On August 22, 2005 Kimberly West, EDOK, again fraudulently attempted to induce defendant into some sort of contract for waiver of rights and jurisdictional challenge, resorting to the sophistry of adding a stand by council over objections; and repeatedly trying to trick defendant into admitting knowledge of the terms and conditions

2

of the proposed contract. West acknowledged receipt of challenge to jurisdiction, and demand for Nature and cause, a substantial due process right protected by the U.S. Constitution, and continued the fraudulent process absent any lawful authority to do so. The force of guns and menace of threatened additional wrongful imprisonment do not create jurisdiction.

6. On September, 23, 2005, October 17, 2005, October 28, 29, 30, and 31, 2005 Ronald White continued the attempted inducement and sophistry by trick and subornation in the attempt to trick, intimidate, coerce or extort defendant out of his rights to know the nature and cause and all challenges to jurisdiction. On September 23, ~~the~~ Ronald White made promises ~~it~~ he did not keep as part of the apparent solicitation for contact ? contract ? in waiver of rights into some strange or foreign jurisdiction where the decisions of the Supreme Court are frivolous and the statutes passed by congress are laughable or to be scoffed at by the judge. Complete and entire prejudice reigned in the court with a little polite humor as part of the sales pitch for the fraudulent contract inducement in various attempts to capture subject matter jurisdiction by subterfuge.

7. At every juncture in the proceeding terms and conditions of the proposed contract were concealed, no consideration was offered or received and there was no meeting of the minds necessary for contract; and defendant has no capacity to yield jurisdiction without proof. All the badges of fraud are present and there is no contract.

**More Particularly**

8. On September 23, 2005 the Court denied the Defendant Motion to Dismiss and challenge to Jurisdiction based on the Collins decision from 10th Circuit Court of Appeals in 1990, 920 F2d 619, and calling the defendant's motions frivolous. Collins is falsely and fraudulently alleged in cronyism, collusion, or conspiracy by the Court and prosecutor to have overruled more than 140 years of Supreme Court precedent; even negating decisions not yet made concerning the limits to federal jurisdiction (NY v US

3

1992; Alden v Maine, 1999) that were decided years after the Collins decision. Collins
did not overturn or abrogate any Supreme Court decision; and the Supreme Court is not
frivolous. Ronald White repeatedly refused to answer Nature and Cause or to demand
any proof or fact witnesses from the plaintiff in apparent cronyism, collusion, or
conspiracy to defraud Jimmy C. Chisum out of substantive Due Process Rights.

9. On November 17, 2005, the Court denied the Defendant Motion to
Reconsider and Motion challenging indictment as defective and all other challenges to
jurisdiction; again based on Collins; again ruling Supreme Court decisions frivolous;
Congressional Statutes laughable, and manuals of no authority. Ronald White again
declared his personal ownership of the court and process.

10. Collins, on which the Court has relied was selectively read and prejudicially
interpreted by the Court in apparent cronyism, collusion or fraudulent conspiracy with the
prosecutor. The 10th ~~CKT.~~ makes no declaratory or definitive statement in Collins that
the Supreme Court decisions cited by defendant were frivolous, overruled or overturned.
All the Supreme Court Precedent cited by defendant in the Motions and in the Judicial
Notices 1, 2, and 3 remains governing authority from the Supreme Court upon the
inferior courts of the United States to which Ronald White and Jeffrey Gallant and all
lawful federal agents have sworn fidelity and obedience.

**FEDERAL MARITIME COMMISSION *v.* SOUTH CAROLINA STATE PORTS
AUTHORITY *et al.* certiorari to the United States Court of Appeals for the fourth
circuit No. 01-46. Argued February 25, 2002--Decided May 28, 2002:**

11. Inferior Courts do not have the authority to overrule Supreme Court
Precedent; but are by Oath, Statute, Code of Conduct, and Rule require faithfully
execution and specifically following, without prejudice or personal interpretation.

12. Collins, on which the court relied, sets in that very same decision at page
631, deficiency as an essential element for the prosecution of tax evasion crimes.

13. The 3rd Circuit sets assessment as the essential element for prosecution of a Tax Evasion Charge, McGill and Wexler cases. Deficiency requires assessment.

14. The 14th Amendment to the United States Constitution guarantees equal protection under law thus elevating defendant right to an essential element of deficiency based on a lawfully made assessment for tax.

15. No competent witness testified to the liability for tax in any of the statutes passed by congress and codified in 26 U.S.C. at 4001, 4003, 4041, 4042, 4051, 4064, 4071, 4081, 4091, 4121, 4131, 4161, 4181, 4251, 4261, 4271, 4371, 4461, 4481, 4611, 4661, 4671, 4682, 4701, 4911, 4912, 4940, 4942, 4943, 4944, 4945, 4948, 4951, 4952, 4953, 4955, 4958, 4971, 4972, 4974, 49975, 4976, 4977, 4978, 4979, 4979A, 4980, 4980B, 4980C, 4980D, 4980E, 4981, 4982, 4999, 5000, 5001, 5041, 5051, 5701, and 5881. No liability for tax means no crime occurred and all the participants in the fraud should be held liable personally as they willfully and intentionally acted outside delegated authority.

16. At the time of the True Bill from Grand Jury there was no assessment for tax, and no deficiency, owed by Brian or Mitzi Chadsey; and no competent witness to establish liability, deficiency, or jurisdiction.

17. No Deficiency or assessment for tax owed by Brian or Mitzi Chadsey on which a Tax Evasion Charge must rely appears in the indictment; and no competent witness to establish liability, assessment or jurisdiction is noted or appeared.

18. No Deficiency or Assessment for tax owed by Brian or Mitzi Chadsey on which the Tax Evasion Charge depends was provided in the Bill of Particulars submitted by plaintiff at pre trial conference November 17, 2005; and no competent fact witness appeared to testify and be cross examined on the issues of liability, assessment or jurisdiction.

5

19. No Assessment Officer or agent with authority to assess a tax was presented to the grand jury, District court when seeking warrant, pretrial proceedings to establish essential elements, liability for tax, assessment, or jurisdiction. The same fraud upon the court continued at trial. No deficiency appears on the record, nor was there testimony to any assessment or deficiency by any competent witness capable of creating proof of jurisdiction. The witness who testified he had authority to make Notices of Deficiencies did not testify to having made one; and none was presented as an exhibit. Only an estimate of "we think" and "approximately" were presented as to any possible tax debt; and that is insufficient proof for jurisdiction or the essential element.

20. The defect in the indictment caused by failure to allege the essential element of deficiency and assessment is jurisdictional, and incurable.

*"...jurisdiction of the Courts of the United States means a law providing in terms of revenue; that is to say, a law which is directly traceable to the power granted to Congress by '8, Article I, of the Constitution, 'to lay and collect taxes, duties, imposts, and excises.'" US v Hill, 123 US 681, 686 (1887).*

*"Where jurisdiction is challenged, it must be proven... The law requires proof of jurisdiction to appear on the proceedings... Jurisdiction may never be assumed, it must be proven." Hagen v. Lavine, 415 US 528, at 533, 39 L.ed. 577, 94 S Ct, 1372 (N.Y. March 28, 1974).*

*"The question of Jurisdiction in the court either over the person, the subject matter or the place where the crime was committed can be raised at any stage of a criminal proceedings; it is never presumed but must be proved; and it is never waived by the defendant." United States v. Roger, 23 F. 658 (W.D. Ark. 1885).*

*"Jurisdiction once challenged cannot be assumed and must be decided." State of Maine v. Thiboutot, 448 US 1, 100 S. Ct. 2502 (1980).*

21. The defect or lack of jurisdiction to proceed, absent that essential element, is fatal to the prosecution; and to the jurisdiction of the court.

UNITED STATES v. MERSKY, 361 U.S. 431 (1960).
   *"The result is that neither the statute nor the regulations are complete without the other, and only together do they have any force. In effect, therefore, the construction of one necessarily involves the construction of the other... When the statute and regulations are so inextricably intertwined, the dismissal must be held to involve the construction of the statute."*

CALIFORNIA BANKERS ASSN. v. SHULTZ, 416 U.S. 21 (1974).
*"...we think it important to note that the Act's civil and criminal penalties attach only upon violation of regulations promulgated by the Secretary; if the Secretary were to do nothing, the Act itself would impose no penalties on anyone."*

## PRECEDENT AND DOUBLE JEOPARDY

22. Jeopardy has attached and the Prosecution has rested. Defendant has been irrevocably and incurably damaged in his reputation, liberty, and livelihood. Damage occurred by the fraudulent and defective indictment; fraudulently obtained warrant for arrest; incarceration under pretense of authority and fraud upon the court; and the sentencing to "get out of business" and the chilling of rights imposed by court and actions of Probation Officer in want or excess of authority, and under color of law.

23. Defendant's protection against double jeopardy prohibits any correction in this matter of the essential element and jurisdictional defect.

24. This honorable court was fraudulently induced to err in not instructing the Jury correctly on the law, in that no instruction was given on the "essential element" of deficiency or assessment. The Court assumes awesome power, and responsibility to correctly know and apply the whole law when it sets itself as the only source of law to the jury. The only presumption available to defendant is that this honorable court is in collusion with the Assistant United States Attorney to create the illusion that the defendant has waived and then conceal the essential element of the crime and pretend subject matter jurisdiction by fraud upon the court.

25. The Court erred in not instructing the jury correctly on the definition of income in Supreme Court Precedent, opting rather to abandon its solemn oath to faithfully follow the Supreme Court decisions, as governing precedent, in favor of 26 USC 61, with demonstrated prejudice. Gross income does not define income or change the Supreme Court Precedent; Cited in Judicial Notices; none of which has been overturned. Money received must first be income, as defined by the Supreme Court, to

become gross income as defined by Congress and the Supreme Court, which definition
has already been received by this honorable court in Judicial Notices 1, 2, 3 and is
binding upon the court.

26.  All Supreme Court Precedent even those contained in Judicial Notices 1, 2,
and 3, are legally and ethically binding upon this court, plaintiff, and witnesses. (FCC v
NextWave, SC 2003)  Those Precedent cases verify that the Congress is prohibited from
defining income as anything other than its definition in the Supreme Court decisions;
which is corporate profit from excise taxable activity.  10th Circuit or local inferior court
"interpretation" do not overturn or alter the simple language contained in the precedent
decisions of the Supreme Court making Ronald White's understanding and interpretation
based on Collins in fact a void judgment.  And it is plain error, in rebellion against
Constitution, statute, and rule, to think the 10th Circuit decision in 1990 overruled
Supreme Court precedent repeated in US v Lanier 1997, NY v US 1992, Alden v Maine
1999, FMC v SC 2002, and FCC v NextWave 2003 decisions; or vacated the oath and
allegiance of US Attorney to the United States Attorneys manual in 2005.

27.  Supreme Court decision Precedent clearly states that the first step in
interpreting tax statute is the plain language used by congress.  The trial court and 10th
Circuit, as inferior Courts owe loyalty to the simple language used in the precedent.

MERCHANTS' LOAN & TRUST CO. v SMIETANKA, 255 US 509, 519 (1921):
*"The Corporation Excise Tax Act of August 5, 1909, was not an income tax
law, but a definition of the word 'income' was so necessary in its
administration..."*
*"It is obvious that these decisions in principle rule the case at bar if the word
'income' has the same meaning in the Income Tax Act of 1913 that it had in the
Corporation Excise Tax Act of 1909, and that it has the same scope of
meaning was in effect decided in Southern Pacific v Lowe..., where it was
assumed for the purpose of decision that there was no difference in its
meaning as used in the act of 1909 and in the Income Tax Act of 1913. There
can be no doubt that the word must be given the same meaning and content in
the Income Tax Acts of 1916 and 1917 that it had in the act of 1913. When we
add to this, Eisner v Macomber...the definition of 'income' which was applied
was adopted from Stratton's Independence v Howbert, supra, arising under
the Corporation Excise Tax Act of 1909... there would seem to be no room to*

*doubt that <u>the word must be given the same meaning in all the Income Tax Acts of Congress that was given to it in the Corporation Excise Tax Act</u>, and that what that meaning is has now become definitely settled by decisions of this Court."*

Where the Supreme Court Justices bind themselves to language as written by Congress in statutes; the inferior courts can do no less in respecting the Supreme Court's language.

Oath, law, ethics, and rule of law make Supreme Court precedent binding in its simple language; even extending itself to say that where there is a difference of opinion about tax law, or precedent, the difference must be settled in favor of the taxpayer.

Helvering v. Edison Brothers' Stores 8 Cir. 133 F2d 575 (1943):

*"The Treasury cannot by interpretive regulation make income of that which is not income within the meaning of the revenue acts of Congress, <u>nor can Congress, without apportionment, tax that which is not income</u> within the meaning of the 16th Amendment."*

GOULD v. GOULD , 245 U.S. 151 (1917):

*"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen. United States v. Wigglesworth, 2 Story, 369, Fed. Cas. No. 16,690; American Net & Twine Co. v. Worthington, <u>141 U.S. 468, 474</u> , 12 S. Sup. Ct. 55; Benziger v. United States, <u>192 U.S. 38, 55</u> , 24 S. Sup. Ct. 189."*

This honorable Court made a different choice on the record repeatedly calling Precedent frivolous and deciding repeatedly in favor of prosecution.

## FRAUD UPON THE COURT; impersonation of authority

28.  26 USC 7608 expressly limits the delegation of authority for enforcement activity to Criminal investigators for the Intelligence Division in the Criminal investigation division of United States Treasury and further limits the authority to Subtitle E taxation or other excises for Alcohol, Tobacco, and Firearms.

29.  None of the agents who testified for the Grand Jury, gave oath for the Arrest Warrant or testified at trial were from the Intelligence Division of CID or ATF.  Every

agent that testified proved their own perjury before the court, and their crime of impersonating Intelligence Division Authority and office by impersonating an agent of Intelligence Division and willfully exceeding their limited authority. NONE testified to being with ATF, intelligence division, or enforcing Subtitle E taxes. And none testified to being THE UNITED STATES OF AMERICA or even alleged that they lawfully acted on behalf of that entity, agency, or state.

30. No Criminal investigator for the intelligence division was present in the case at any point; no excise taxable activity or corporate privilege was alleged; and no prosecuting authority was verified.

31. The united states of America or UNITED STATES OF AMERICA is not named anywhere in 26 USC, or 26 CFR as having prosecuting authority.

32. The united states of America or UNITED STATES OF AMERICA is not named in the United States Constitution as having any taxing or prosecuting authority.

33. The United States of America is named as a separate political or legal entity in the Selective Service Act, Prisoner exchange statute; and 26 USC names only the President of the United States of America as having and exercising authority to apply foreign income treatment to Military personnel serving abroad as previously noted to the Court in Judicial Notice.

## NO LIABILITY STATUTE

34. No liability statute making Brian and Mitzi Chadsey liable for a tax subject to 7201 crime or 7608 enforcement is before the court because none exist. #15 ibid

Helvering v. Edison Brothers' Stores 8 Cir. 133 F2d 575 (1943):
> **"The Treasury cannot by interpretive regulation make income of that which is not income within the meaning of the revenue acts of Congress, _nor can Congress, without apportionment, tax that which is not income_ within the meaning of the 16th Amendment."**

GOULD v. GOULD , 245 U.S. 151 (1917):
> **"In the interpretation of statutes levying taxes it is the established rule not to extend their provisions, by implication, beyond the clear import of the**

*language used, or to enlarge their operations so as to embrace matters not specifically pointed out. In case of doubt they are construed most strongly against the government, and in favor of the citizen. United States v. Wigglesworth, 2 Story, 369, Fed. Cas. No. 16,690; American Net & Twine Co. v. Worthington, 141 U.S. 468, 474 , 12 S. Sup. Ct. 55; Benziger v. United States, 192 U.S. 38, 55 , 24 S. Sup. Ct. 189."*

35.  The Statute at Large complete history under 1939 and 1954 Code for 26 USC 7201 is before the court and binding upon the court in Judicial Notices 1, 2, and 3. No opposing Statute, regulation, or rebuttal evidence appears in the record.

36. Absent Statute and Regulation the court is deprived of Jurisdiction and barred from imposing sentence.  There is no applicable regulation for 7201 affecting Chadsey or Chisum related to subtitle A, B, or C taxation and under the Mersky doctrine the code without appropriate regulations does nothing.

37. Prosecution brought in absence of Statute and Regulation is fraud upon the court and malicious prosecution.

38. Arbitrary and Capricious determinations by Plaintiff, and Court, without statutory and regulatory authority deprive defendant of any semblance of due process.

39. When the Court is deprived of jurisdiction its only recourse is to dismiss; or in this matter since jeopardy has attached the verdict of acquittal, or vacation of the jury verdict and dismissal are the only lawful recourses.

## DENIALS OF DUE PROCESS

40.  Defendant was denied due process in the indictment because the essential element of deficiency or assessment was not presented before the Grand Jury. Defendant was not given notice or opportunity to appear and give evidence or testimony to the Grand Jury on behalf of Jimmy C. Chisum.

41.  Defendant was denied due process because the agent who swore the affidavit of probable cause for the warrant had no such authority; and the affidavit was perjured.

42. Defendant was denied due process because Magistrate Duncan has no statutory authority to act in a felony case by 28 USC 635; but fraudulently preceded.

43. Defendant was denied due process by Magistrate West proceeding to arraignment without properly hearing or deciding jurisdiction challenge.

44. Defendant was denied due process by Magistrate West proceeding in want of authority, having no felony authority or jurisdiction granted by Congress in 28 USC 635.

45. Defendant was denied due process by Magistrate West failing to answer the Nature and Cause and failing to order Prosecution to produce proof of the Nature and cause by the testimony of a competent fact witness testifying under oath and subject to Cross-Examination.

46. Defendant was denied due process by trial Court proceeding to other items of business without first requiring evidence, hearing proof and deciding jurisdictional challenge. The Court errs in declaring "this is my court"; as the code of conduct makes it clear this court is for the parties and the law. His honor does not own any part of the court but is a sworn public servant for justice.

47. Defendant was denied due process by arbitrary, capricious and prejudicial treatment and decisions of trial court in rebellion against precedent, rule, ethics and statute.

48. Defendant was denied due process in jury instructions wholly prejudiced to prosecution based solely on personal prejudice and alleged form error.

### Summary

49. There is no assessment or deficiency, "essential element" as required for the charge.

50. None of the agents who testified proved authority to enforce subtitle A or C taxes.

51. Collins and other inferior court decisions do not overrule or overturn Supreme Court precedent, or future decisions by the Supreme Court not yet made at the time Collins and other decisions were decided in the lower courts.

52. No Criminal Investigator from Intelligence division was involved in the prosecution.

53. 26 USC 7608 is the only specific enforcement provision in the Internal Revenue Code; and does not apply to Subtitle A and C taxation; the Chadseys or defendant.

54. No Subtitle E taxes, other excise taxes, and no corporate franchise privilege subject to 26 USC 7201 are present, or even alleged in the case.

55. United States of America lacks Constitutional or Statutory authority to appear in this case as an injured party; paper entities can not be injured, or bring charges.

56. Fraud upon the court resulting in judicial error is destructive to the jurisdiction and worthy of sufficient sanction to alter the behavior.

57. Erroneous jury instructions are arbitrary and capricious denials of due process.

58. Due process was butchered in prejudice doing violence against the Constitution.

## Counterclaim for Damages and Restitution

59. Counterclaimant re-alleges paragraphs 1-48 as of fully restated and further alleges.

60. The prosecution was malicious and intentional by fraud upon the court; without Constitutional or Statutory Authority; and all the participants are sworn servants of the law who must be presumed to have known the law they were violating.

61. Counterclaimant was intentionally damaged with forethought and planning in a planned effort for his harm; drives Chisum out of business; chills first amendment free exercise; and willfully damages dozens or hundreds of citizens' private property at home.

62. AUSA, Gallant, and agents willfully and intentionally brought the prosecution to damage Counter-Claimant's liberties granted by Almighty God and protected by the Constitution which Gallant, and agents have allegedly sworn to serve.

63. Prosecution acted without the express territorial limitation contained in US Attorneys manual; and acting outside the law waives all official protection or immunity.

64. Counter-Claimant was deprived of liberty for 6 days in physical confinement and 6 days of necessitated court appearance and restrained in his liberty for 109 days; and damaged in his freedoms, livelihood, and free exercise of first amendment liberties from October 30 to present (124 days and counting); all in want of authority.

65. The federal standard for compensation for wrongful imprisonment has been adjudicated at $27,000 per hour in Florida; the restraint of liberty during the process would be at some lesser rate to be determined by a jury; and the intentional damage to livelihood, religious and political freedoms should be at such a rate to discourage or alter the behavior of Plaintiff and plaintiff's attorney; IRS, UNITED STATES OF AMERICA, and United States.

## RELIEF SOUGHT

**WHEREFORE** defendant moves this honorable court for a verdict of acquittal not with standing the verdict of the jury;

Sanctions against prosecutor sufficient to alter the behavior by removing him from public interface, conduct of litigation in EDOK, and or terminating employment and licensure;

Sanctions against agents who participated in the prosecution by removing them from public office, and any position that could allow the repeating of the behavior;

Restoration of all rights civil, public, and political;

Civil damage of $12,500,000; and

such other relief as the court or jury deems just.

Respectfully submitted this 22nd day of February, 2006 AD; all rights reserved

Jimmy C. Chisum, defendant

## CERTIFICATE OF SERVICE

I, **Jimmy C. Chisum,** hereby certify that I have served a copy of this Motion and

Brief on Plaintiff by first class mail, postage paid and addressed to Jeffrey Gallant,

AUSA; US Attorney's Office; 1200 W. Okmulgee St., Muskogee, Oklahoma 74401 this

9th day of March, 2006.

## United States District Court

## Eastern District of Oklahoma

| | | |
|---|---|---|
| United States of America | ) | Judge White |
| Plaintiff | ) | |
| v. | ) | CASE NO.  CR 05-43 WH |
| | ) | |
| | ) | BRIEF IN SUPPORT OF THE |
| Jimmy C Chisum | ) | Motion for Verdict  of |
| Accused Pro Per | ) | Acquittal Notwithstanding |
| | ) | the Verdict of the Jury |
| | ) | |
| | ) | |

Comes now, the defendant, to furnish this Brief in Support of the Motion for Verdict of Acquittal, Notwithstanding the Verdict of the Jury, for the consideration of this honorable court.

### STATEMENT OF CAUSE

The transcript of all the EDOK proceedings are already a part of the record and limited citations are added to this Brief for economy of the court's time in review.  The errors and abuse of Authority of Magistrate Duncan, Arizona District, will be addressed to Arizona Court in Void Judgment and Judicial Complaint and with the congress on suggestion of impeachment.  Only the acts and actions of EDOK are briefed.

### WEST; LACK OF JURISDICTION; DENIAL OF DUE PROCESS

1.  Magistrate West did willfully and intentionally with apparent malice and forethought proceed on August 22, 2005 against the defendant in want of jurisdiction and in lack of Judicial authority to proceed in any felony matters as emphasized by Justice O'Connor in New York v United States, 505 US 124 if authority is not expressly delegated it is reserved; and none is delegated here.

1

New York v US 505 US 124, 155

*"the constitution created a Federal Government of limited powers"* <u>Gregory v Ashcroft,</u> 501 U.S. 452, 457 (1991); *and while the Tenth Amendment makes explicit that "the powers not delegated to the United States by the Constitution, nor prohibited by it to the States, are reserved to the States respectively, or to the people,"... "all is retained that is not surrendered,"* <u>US v Darby,</u> 312 US 100, 124(1941). [notice that both NY v US and Gregory v Ashcroft are after Collins].

2. The Statute, passed by congress, and codified in 28 USC 635, do not delegate Article III Judicial Power to Magistrate West, thus depriving her of the authority to take any action, make any decision or enforce any ruling in the matter of a felony charge and case.

3. Even the EDOK website emphasizes that Magistrate is not a Judicial officer with Article III judicial powers; this declaration is either a true statement of law, depriving Magistrate of judicial authority; or Consumer fraud meant to misinform, and defraud the public out of Constitutional protections.

4. There is no other Judicial Power named or delegated in the US Constitution; so it is plain that Magistrate West acted without actual authority, under color of law, extra-constitutionally, in absence of authority, and quite likely criminally impersonating a judicial officer or judicial authority in the process.

5. West Arbitrarily and Capriciously deprived defendant of due process in that she refused to answer, hear, require proof or decide on the record either the Motion Challenging Jurisdiction or Notice and Demand of defendant. West is required by rule and Supreme Court decisional Precedent to require proof of Jurisdiction and Authority any time Jurisdiction is challenged before moving on to other actions; and failed to properly execute her alleged office.

6. Magistrate West's action must be either due to incompetence of judicial authority; known lack of judicial authority, color of authority, color of law or disability due to prejudice; any of which make Magistrate West actions Void and erroneous.

7. The result is that defendant was never lawfully arraigned; another gross violation of protected due process rights.

### Void judgments

8. All decisions and actions by a court made without authority or Jurisdiction are void judgments; subject to direct or collateral attack in any court at any time.

9. The fraud upon the court, by the Plaintiff's failure to allege the essential element of deficiency or assessment, makes it plain that the Court lacked jurisdiction; and the fraud vitiates everything it touches; and here it vitiates the whole Arraignment hearing and any pretense of due process thereafter.

10. The trial Court's cover-up efforts add additional disrepute to the court and government by the blatant disregard for law and precedent.

11. Magistrate West forcibly inserted, for her own benefit, an Attorney into the case as standby council, in an apparent attempt to gain a waiver of Jurisdiction from the defendant is at minimum coercive fraud.

12. This fraudulent attempt, to gain contractual waiver of jurisdiction, is a violation of Constitutional rights, due process rights, Judicial Ethics and the code of conduct bringing the court into disrepute by fraudulent exercise of judicial authority and attempting to capture defendant as a prize in this missed war; a government at war against its own Citizens, whom it has been established and sworn to serve.

3

13. Warring against the Constitutional limitations, verified by the Supreme Court, as stated in Judicial Notice does irreparable damage to the integrity of the court and the process.

14. Magistrate West became irritated and upset at being reminded of Supreme Court rulings (she has sworn to follow) that post date the Collins case cited by prosecution and the court, notably Lanier 1997, when she attempted to fraudulently induce defendant by declaring that rules are not written in plain English, that men of common intellect can not understand or follow the rules; and that rules are only usable or understandable by Attorneys, with special education, title of nobility and licensed as officers of the court (cronyism).

15. In Lanier any law written in such complex (secret legal) language that men of common intellect can not understand or might differ at their meaning impose no duty.

16. By that Supreme Court Precedent Magistrate West declared the rules as imposing no duty on the defendant.

17. Rights can not be converted to privileges by custom or rule of the court any more than they can by usurpation in statutes, policies, codes, regulations, or rules at least according to the Supreme Court.

18. Constitutional limitations can not be abrogated by special privilege and license; and the rule of law applies to Magistrate West as it does to all sworn public servants.

19. Defendant is a living, breathing man and member of the Public, deserving loyal service, under oath, by all sworn servants in his government established to serve his just needs; and the EDOK Court is established as part of the Judicial Branch of the United States government, in part, to protect defendant rights against abuses by other

4

branches of government; and unlawful trespass by federal agencies on the sovereignty of the States and People.

20. Yick Wo v Hopkins; NY v US; Alden v Maine; FCC v NextWave; and other previously cited Supreme Court authorities define the true power structure and jurisdiction available to Article III courts; and there is no constitutional delegation of power to non judicial courts.

21. In the present case, the court appears to be in cronyism, collusion or conspiracy with Plaintiff and plaintiff Council, to deprive defendant of numerous rights guaranteed and protected by Constitution and laws.

22. The judicial Code of conduct demands the court avoid all such appearances of impropriety and diligently follow precedent to protect the reputation and honor of the court.

23. Rebellion against the rule of law works violence against the Constitution and is reason for discipline of judicial officers, even attorneys.

## BURDEN OF PROOF

### White errors

24. The Plaintiff has the burden of proof of Jurisdiction and authority as surely as it has the burden on the facts. (see Judicial Notice on delegation of authority)

25. The Court's demonstrated prejudice, that all proof of law and limitations to jurisdiction are placed on defendant, instead of on the prosecution as required by law and precedent, is rebellion against the Supreme Court precedent; and wars against the constitutional guarantees of due process and separations of power. NY v US explains that the powers delegated, in the Constitution, to one branch of the federal

government can not be delegated to another branch, even with consent. It would seem obvious, to defendant, that **Congress alone has powers for laying and collecting taxes in Article 1** of the Constitution, with certain specific restrictions as the Supreme Court precedent (NY v US) declares; forbidding the delegation of such power, even with consent to the executive branch.

26. But then Constitution, law and the **Supreme Court precedent are deemed and declared frivolous by the trial court;** improper form outweighs all law and truth presented in substance by defendant; and Plaintiff is wholly relieved of its lawfully required proof of jurisdiction, Nature and cause, essential element of deficiency and assessment (Collins 131) and authority to proceed; **again the US Supreme Court is frivolous, at the declaration of this "inferior" court.**

27. His Honor insults the defendant and the Supreme Court with regularity; only occasionally patronizing defendant personally in a friendly tome, for cover up purposes, attempting to avoid being held accountable for breeches of ethics, prejudice, trespass, and fraudulent collusion.

28. The Court on multiple occasions sought or solicited concession from defendant to waive defendant's right to sue the court for redress as guaranteed by the first amendment. Judicial immunity does not cover void judgments in want of subject matter jurisdiction or willful breeches of ethics; and suit is part of peaceful redress.

29. On **September 23, 2006** the Trial Court did Arbitrarily and capriciously, with apparent malice and forethought declare its prejudice in promising to be more threatening and intimidating than Magistrate West had been in August; and then failed and **refused Supreme Court directed due process** by first declaring "in my

6

court I decide when and how things are done" when challenged about jurisdiction being first.

30. When the defendant challenged the Court about due process of arraignment hearing by West and deciding challenge to jurisdiction was frivolous without any proof or input from Plaintiff; based on zero proof of personam, territorial, or subject matter jurisdiction furnished by the plaintiff.

31. When asked for proof of oath and authority, the Court declared its pride in his commission, but refused to provide any proof of official oath or appointment.

32. When challenges of jurisdiction and demand for Nature and Cause were repeated the court yelled at defendant to "shut up" and "do not mention that again" and "do not interrupt me when I am talking" and "in my court I do not answer questions I only as them".

33. The court further **summarily refused to disclose its proof or decision about the jurisdiction**, repeatedly refused and rejected the inquiry into Nature and Cause, or to give any finding of facts or conclusions of law on any decisions, or even order the Plaintiff to state Nature and Cause in the Bill of Particulars though earlier in the session the court had promised to do so.

34. When reminded of this defect in the Bill of Particulars on November 17, 2005, pretrial proceeding the court stated it did not read that detail in the transcript; acknowledging it had not thoroughly read the transcript for detail; or apparently cared about this part of the Constitutional right to due process issue.

35. In absence of any proof by Plaintiff; and in face of refusal and rejection of inquiry by the court the Defendant furnished nature and cause to the court in Judicial

7

Notice that is binding upon the court after having been once accepted into the record over plaintiff objections; no contradicting authority was submitted and the plaintiff defaulted the opportunity to furnish the facts and laws establishing jurisdiction apparently preferring to rely on Court prejudice.

36. The court in its prejudice ignores all law and calls the **Supreme Court** precedent cited **frivolous**; a direct violation of ethics.

37. All due process, procedure, and jurisdiction motions were summarily called frivolous without explanation other than a passing reference to Collins, 10th Circuit 1990 and dismissed.

38. The Challenge to the defective arraignment was also called frivolous; and the court tried to trick defendant into a plea without ever hearing or knowing the Nature and Cause as guaranteed in the Constitution and after the time for arraignment had expired.

39. Rebellion against due process, and rule of law for personal pride and prejudice does violence against the Constitutional form of government, and brings the judiciary into ill repute.

40. The atmosphere in what Judge White erroneously called "my court" was quite jovial and friendly on November 17, 2005; though the prejudicial abuses of process and procedure continued unanimously to favor the plaintiff and plaintiff attorney with little pretense of fairness.

41. Judge Continued the Void process in trickery, deceit, cronyism, collusion, or conspiracy with plaintiff and plaintiff attorney. The court repeatedly attempted to get defendant to waive jurisdictional challenge; without success. No contract was

formed; and all attempts were without full disclosure or consideration on the part of plaintiff and court.

42. The judicial Notices were accepted, with illegal and unlawful reservations, by the court to aid plaintiff; and make sure the railroad kept running.

43. Plaintiff's Bill of Particulars added nothing to the defective indictment and did not allege the essential element of deficiency and assessment; nor did it show any particular tax for which the Chadseys were liable by "Statute and Regulation" violated for which 7201 applies; Connolly, Mersky, and Public Law history of 7201 were cited in Judicial Notices and are incorporated by reference.

44. The indictment is void on its face for failure to allege the essential elements; for fraud upon the grand jury and for fraud upon this honorable court by and on behalf of plaintiff. Fraudulent inducement for prejudice in the court is criminal activity by plaintiff attorney; breeches bar and judicial oaths; and is worthy of correction.

## ABUSE OF AUTHORITY; WHITE

45. On November 17, 2005, Defendant filed a notice of appeal on first amendment collateral issues concerning the free exercise of religion.

46. By rule and precedent the automatic stay occurs with the Notice of Appeal.

47. Judge White through his clerk, in want of authority and abuse of discretion called Defendant and asked defendant/appellant for citations of authority for the automatic stay contained in rule and precedent.

48. Appellant complied with the request which unfairly delayed the submission of the docketing statement and Emergency request for stay to the 10th Circuit.

49. Judge White decided on Thanksgiving eve, the last business day before trial that

he intended to proceed to trial; was not going to comply with the automatic stay; and did not care about 10th Circuit or Supreme Court precedent.

50.  10th Circuit used trickery in the language of rules to deny stay and dismiss the appeal.  As long as the railroad changes stations often enough the due process of collateral issue appeal is stolen by trickery; and constitutional rights abrogated.

## ABUSES DURING TRIAL

51.  The trial continued the rampant abuse and prejudice.

52.  7 of the 8 IRS witnesses testified to be trespassing on authority or illegally impersonating federal officers.

53.  Cross examination verified criminal conduct taking place in the trial; yet the Court took no action to see the criminals prosecuted for the perjury or violations of the law; again bringing the court into ill repute in violation of code of conduct, constitution, statute and rules.

54.  None of the alleged agents knew the definition of income as provided by Supreme Court precedent; yet were testifying about income tax maters; an obvious perjury.

55.  None of those claiming to be agents could verify their authority or even knew what the coding on their official Pocket Commission identification means; yet were claiming authority delegated only to Criminal Investigators of the Intelligence Division in 26 USC 7608; the only Code section for enforcement.

56.  None of the witnesses knew; and the court rejected the law concerning pocket Commissions.

57. None of the alleged agent witnesses presented any lawful delegation of authority but were granted a free pass around the law by the Court to evade the law, commit perjury, impersonate authority, act under color of law and color of authority; and directly lie about what the code and statutes say.

58. The testimony that income defines income by exclusion, offered by the summary expert, was parroted by the court to the jury in direct fraud upon the jury.

59. The Court told the Jury it would instruct them about the law and perjured itself openly; conduct unbecoming a federal jurist.

60. This conduct of prejudice hypothecates the office; vacates the court and makes everything about the case void judgment for fraud on the court by the prosecutor and fraud by the court on the jury and defendant.

61. The grossest prejudice was for the court to reject all of defendant's proposed jury instructions because they were supposedly not in the right form; and instructing the jury in complete prejudice contrary to oath and law.

62. Gross income in section 61 can not define income; only classify one form of what had to already be income as defined by the Supreme Court and the trial Court stuck with its declared authority to interpret Supreme Court decisions and call precedent frivolous in complete prejudice for plaintiff.

63. Fraudulent instructions that directly lie about the law to command the jury to reach a guilty verdict is conduct unbecoming any sworn officer; breeches code of conduct; perjures the oath of office and tampers with the jury.

**NO INJURED PARTY AT LAW**

64. The accuser never appeared in person to be cross examined as required.

65. UNITED STATES OF AMERICA is an apparent artificial personality of some portion of a government established among men to serve the just needs of the governed.

66. UNITED STATES OF AMERICA does not appear in the United States Constitution as a receiver of delegated power to prosecute for tax crimes, lay and collect taxes, or have standing before Article III courts.

67. As stated in the Selective Service Act, Prisoner exchange Statutes, and as noted in 26 USC, UNITED STATES OF AMERICA and United States are separate, distinct, and foreign to one another.

68. United States is the constitutionally created government that is delegated limited powers by the Constitution.

69. UNITED STATES OF AMERICA is not legally identified in the true bill, indictment, affidavit for warrant, pretrial proceeding, or testimony at trial; no appearance of record exists for any UNITED STATES OF AMERICA ATTORNEY, nor any statute or rule enabling Assistant United States Attorney Gallant to represent UNITED STATES OF AMERICA.

70. None of the agent witnesses were employed by UNITED STATES OF AMERIICA, nor presented any documentation or credential as UNITED STATES OF AMERICA to be the accuser or injured party under Article III, at law jurisdiction.

71. UNITED STATES OF AMERICA never appeared to show its injury or to be cross examined as required by constitutional due process.

72. No contract between defendant and UNITED STATES OF AMERICA was placed in the record to establish an equity or admiralty maritime jurisdiction.

73.  UNITED STATES OF AMERICA has no standing before the Grand Jury, or the Court as an injured party for 26 USC 7201 tax crimes under Alcohol, tobacco, and firearms excise taxation by corporate privilege.

74.  AUSA Gallant, Agent Skaggs, and others willfully conspired to defraud the court in pretense of jurisdiction and authority in malicious prosecution for the purpose of chilling defendant's first amendment rights, and depriving defendant of lawful livelihood as trustee in legal tax avoidance arrangements permitted by law and recognized by the US Supreme Court as not taxable and as not rising to the definition of doing business for tax purposes.

75.  Fraud upon the Court is reason for severe sanctions against AUSA and agents; in Dixon v CIR, 9th Cir 2003 the attorneys were barred from trials.

Prepared and submitted this 9th day of March, 2006 AD

Jimmy C. Chisum, sui juris

Exhibit D

# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. CR-05-043-WH |
| | ) | |
| JIMMY C. CHISUM, | ) | |
| | ) | |
| Defendant. | ) | |

## <u>ORDER</u>

Before the Court are various filings of the defendant, who was convicted by a jury of four counts of violating 26 U.S.C. §7201 and awaits sentencing. The filings largely deal with defendant's contention (repeatedly rejected by this Court during the course of these proceedings) that the Court lacks subject matter jurisdiction.

Defendant has made it abundantly clear that he disagrees with *United States v. Collins*, 920 F.2d 619, 629 (10th Cir.1990) in this regard. This Court is bound to follow Tenth Circuit precedent and believes *Collins* was correctly decided in any event. Defendant may, on appeal, seek to convince the Tenth Circuit that 18 U.S.C. §3231 does not mean what it says or is otherwise infirm. This Court simply reiterates its previous rulings.

The remainder of defendant's arguments, some intriguing in their ingenuity, are likewise rejected. The convictions stand. One filing is termed by defendant "Jimmy C. Chisum's Judicial Notice F.R.E. 401." The cited Rule provides a definition of "relevant evidence" and what defendant has submitted is simply more legal authority and argument. To the extent the filing asks the Court to take judicial notice of the materials therein, the

request is denied.  The positive law and case law say what they say, and there is no need for "judicial notice" to be taken by this Court.

Accompanying defendant's motion for verdict of acquittal notwithstanding the verdict of the jury is what purports to be a counterclaim for damages against the United States.  The Court sees no provision in the Federal Rules of Criminal Procedure which permits a criminal defendant to assert a civil claim in a criminal proceeding, and in any event the jury trial has already been concluded.  Accordingly, the counterclaim will be stricken.

It is the Order of the Court that the defendant's motion to vacate (#83) is hereby DENIED.  Defendant's judicial notice (#84), construed as a request to take judicial notice, is hereby DENIED.  Defendant's motion to dismiss indictment and jurisdictional challenge (#85) is hereby DENIED.  Defendant's motion for verdict of acquittal notwithstanding the verdict of the jury (#86) is hereby DENIED.  The accompanying counterclaim for damages is hereby stricken, not in the sense of physical removal from the case file, but in the sense that it is a legal nullity.

**ORDERED THIS 10th DAY OF MARCH, 2006.**

Ronald A. White
United States District Judge
Eastern District of Oklahoma

2

Exhibit E

FILED

IN THE DISTRICT COURT of the UNITED STATES

EASTERN DISTRICT OF OKLAHOMA

~~~ U ~ 7006

William ~~ Guthrie
Clerk, U S District Court
By_____
        Deputy Clerk

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | No. **CR05-00043-RAW** |
| PLAINTIFF, | ) | |
| | ) | DEFENDANT'S MOTION TO DISMISS for |
| vs. | ) | lack of personam jurisdiction, essential |
| | ) | elements, Subject matter, entrapment. |
| | ) | |
| Jimmy Clayton Chisum, | ) | Release of Bond |
| Defendant, <u>pro per</u> | ) | |

## I. <u>MOTION TO DISMISS & AUTHORITIES</u>.

1.1 COMES NOW, Defendant above named, seeking dismissal with prejudice on grounds that, **1)** personam jurisdiction is lacking, **2)** essential elements are lacking, **3)** entrapment, and **4)** due process. Plaintiff's assertion of personam jurisdiction under 26 USC in relation to compensation for services received by one with Defendant's political and [taxing] status, which proves him similarly situated to Co-Complainants to the attached 18 U.S.C. § 4 Complaint to Congress (**Exhibit A hereto**, *Myrland, et al. v. U.S. Dept. of Justice, et al.*, filed 12/28/05), is nonexistent.

The Memorandum found at "Tab #5" supports this motion and is incorporated by this reference as if fully restated herein. The term "as briefed" shall refer to those issues briefed in said Memorandum (hereinafter "Memo"). ***Any and all emphasis*** employed herein may be construed to have been added. Defendant has joined said Complaint in relation to certain Counts enumerated therein, and to individuals involved in this prosecution. (See **Exhibit B hereto**, Defendant's Affidavit of Joinder).

1.2 Defendant is charged with violations of 26 USC § 7201 (tax evasion), and 18 USC § 1 (aid and abet) in relation to alleged 26 USC liabilities incurred in the taxable years of 1997 through 2000 (4 yrs.) by Brian Chadsey. These charges were brought by individuals with all prior knowledge detailed in the Complaint to Congress joined by the Defendant. (*Myrland, supra*). This shows the Plaintiff to be entirely reliant upon this Court to uphold a standard under which the law remains off limits, even when mere protective orders shelter the taxman. See *Evans v. Gore*, 253 US 245, 249 (1920), to wit:

"The particular need for making the judiciary independent was elaborately pointed out by Alexander Hamilton in the Federalist, No. 78, from which we excerpt the following:

... 'The complete independence of the courts of justice is peculiarly essential in a limited Constitution. By a limited Constitution I understand one which contains certain specified exceptions to the legislative authority; such, for instance, as that it shall pass no bills of attainder, no ex post facto laws, and the like. Limitations of this kind can be preserved in practice no other way than through the medium of courts of justice, *whose duty it must be to declare all acts contrary to the manifest tenor of the Constitution void. Without this, all the reservations of particular rights or privileges would amount to nothing.*'

At a later period John Marshall, whose rich experience as lawyer, legislator, and Chief Justice enabled him to speak as no one else could, tersely said (Debates Va. Conv. 1829-1831, pp. 616, 619):

'Advert, sir, to the duties of a judge. He has to pass between the government and the man whom that government is prosecuting; between the most powerful individual in the community, and the poorest and most unpopular. It is of the last importance, that in the exercise of these duties he should observe the utmost fairness. *Need I press the necessity of this?* Does not *every man* feel that his own personal security and the security of his property *depends on that fairness? The judicial department comes home in its effects to every man's fireside*: it passes on his property, his reputation, his life, his all. Is it not to the last degree important that he should be rendered perfectly and completely independent, with nothing to influence or control him but God and his conscience? ... *I have always thought*, from my earliest youth till now, *that the greatest scourge an angry Heaven ever inflicted* upon an ungrateful and a sinning people *was* an ignorant, *a corrupt*, or a dependent *judiciary*.'

More recently the need for this independence was illustrated by Mr. Wilson, as the President, in the following admirable statement:

'*It is also necessary* that there should be a judiciary endowed with substantial and independent powers and *secure against all corrupting* or perverting *influences*; secure, also, against the arbitrary authority of the administrative heads of the government.

'Indeed there is a sense in which it may be said that the whole efficacy and reality of constitutional government resides in its courts. Our definition of liberty is that it is the *best practicable adjustment between the powers of the government and the privileges of the individual*.'

'*Our courts are the balance wheel of our whole constitutional system*; and ours is the only constitutional system so balanced and controlled. Other constitutional systems lack complete poise and certainty of operation because they lack the support and interpretation of authoritative, undisputable courts of law. It is clear beyond all

need of exposition that for the definite maintenance of constitutional understandings *it is indispensable*, alike for the *preservation of the liberty of the individual and for the preservation of the integrity of the powers of the government*, that there should be some nonpolitical forum in which those understandings can be impartially debated and determined. That forum our courts supply. *There the individual may assert his rights; there the government must accept definition of its authority*. There the individual may challenge the legality of governmental action and have it adjudged by the test of fundamental principles, and that test the government must abide; there the government can check the too aggressive self-assertion of the individual and establish its power upon lines which all can comprehend and heed. *The constitutional powers of the courts constitute the ultimate safeguard alike of individual privilege and of governmental prerogative*. It is in this sense that our judiciary is the balance wheel of our entire system; it is meant to maintain that nice adjustment between individual rights and governmental powers which constitutes political liberty.'

Constitutional Government in the United States, pp. 17, 142." [1]

1.3 A denial of the relief requested hereby requires that the Court proceed wholly unable to say the law reaches the Defendant as briefed, which violates not only the appearance of fairness doctrine, but Defendant's due process rights as well. (See 18 USC §§ 4, 242). (See *Offutt v. US*, 348 U.S. 11, 14 (1954) ("[J]ustice must satisfy the appearance of justice"); *Medina v. California*, 505 US 437, 464 (1992) (Blackmun, dissent) ("In matters of ethics, appearance and reality often converge as one.").[2]

1.4 Challenge to court's jurisdiction may be raised at any time, even for first time on appeal. (See *United States v Bustillos*, 31 F.3d 931 (CA10 1994)). In deciding pretrial motion to

---

[1] See *Evans v. Gore*, 253 U.S. 245, 249, 40 S.Ct. 550, 551 (1920). See also *O'Donoghue v. United States*, 289 US 516, 532-34 (1933).

[2] See also *Ex parte McCarthy*, [1924] 1 K.B. 256, 259 (1923) ("[J]ustice should not only be done, but should manifestly and undoubtedly be seen to be done"). I do not see how the appearance of fairness and neutrality can obtain if the bare possibility of a fair hearing is all that the law requires. Cf. *Marshall v. Jerrico, Inc.*, 446 U.S. 238, 242 (1980)(noting the importance of "preserv[ing] both the appearance and reality of fairness," which "`generat[es] the feeling, so important to a popular government, that justice has been done'") (quoting *Joint Anti-Fascist Refugee Comm. v. McGrath*, 341 U.S. 123, 172 (1951) (Frankfurter, J., concurring)). *Litkey v. US*, 510 US 540, 565 (1994))"; *Press-Enterprise Co. v. Superior Ct.*, 487 US 1, 9, 13 (1986); *Vasquez v. Hillery*, 474 US 254, 271 (1986); *Globe Newspaper Co. v. Superior Ct.*, 457 US 596, 606 (1982); *Richmond Newspapers, Inc. v. Virginia*, 448 US 555, 595 (1980); *Marshall v. Jerrico*, 446 US 238, 242 (1980); *Estes v. Texas*, 381 US 532, 543 (1965) ("A fair trial in a fair tribunal is a basic requirement of due process. Fairness, of course, requires an absence of actual bias in the trial of cases. But our system of law has always endeavored to prevent even the probability of unfairness. . . . [T]o perform its high function in the best way, "justice must satisfy the appearance of justice." *Offutt v. US*, 348 U.S. 11, 14."); *Kentucky v. Stincer*, 482 US 730, 751 (1987) (dissent); *Greenholtz v. Inmates of Nebraska Penal Complex*, 442 US 1 (1979) (dissent).

dismiss for lack of personal jurisdiction, District Court has procedural leeway and may determine motion on basis of affidavits alone, permit discovery in aid of motion, or conduct evidentiary hearing on merits. (See *Marine Midland Bank, N.A. v. Miller*, 664 F2d 899 (CA2 1981).

 1.5 In the Texas mere territorial court a protective order issued against discussion of the law as briefed in its Memo under Issues A, B and C. (See Memo at pgs.17-25. Order is from *Jim L. Walden v. United States, et al.*, #A-05-CA-444-LY, U.S. Dist. Court in Austin, TX, judge Lee Yeakel, named in attached felony Complaint). Once challenged, proof of jurisdiction is a burden upon the party asserting it. [3] Lengthy excerpts herein are not intended to burden the Court but rather are to let higher authorities convey the cornerstones of Defendant's contentions and basis for the relief requested.

> "There is sufficient evidence to support a conviction if, viewing the evidence in the light most favorable to the prosecution, *any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.*" *United States v. Nelson*, 137 F.3d 1094, 1103 (9th Cir. 1998) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). Because Orduno-Aguilera *properly preserved this issue by making a motion for an acquittal after the close of all evidence*, this court's standard of review is the same as that of the district court's denial of that motion. *United States v. Bahena-Cardenas*, 70 F.3d 1071, 1072-73 (9th Cir. 1995)."

> "[4] . . . *Because this fact is a necessary element of the statutory definition* of anabolic steroids, which is in turn *a necessary element of the offense, failure to offer this evidence resulted in insufficient evidence to sustain the jury's verdict.*"

See *U.S. v. Orduno Aguilera*, No.98-50346 (CA9 filed 7/19/99). **Further -**

> "No rational trier of fact (a judge) could have found that this standard was met for Estrada. *The record was barren of evidence that he participated* in the conspiracy."

---

[3] See *State of Rhode Island v. State of Massachusetts*, 37 US 709, 718 (1838); *KVOS v. Associated Press*, 299 U.S. 269, 57 S.Ct. 197, 200, 31 L.Ed. 183 (1936): "...[w]here the allegations...are challenged by the defendant in an appropriate manner, *the plaintiff must support them by competent proof.*" See also *F & S Contr. Co. v. Jensen*, 337 F.2d 160, 161-162, (10th Cir.1963) ("[*I]t is now settled that when there is an issue as to the sufficiency of jurisdictional amount, the burden of providing jurisdiction is on the party asserting it. City of Lauden, Okla. v. Chapman*, 257 F.2d 601 (10th Cir.); *McNutt v. General Motors Acceptance Corp.*, 289 U.S. 178, 56 S.Ct. 780, 80 L.Ed. 1135. Further more, statutes conferring jurisdiction . . . are to be strictly construed *and doubts resolved against federal court's jurisdiction. Aetna Ins. Co. v. Chicago R.I. & P.R.R.*, 229 F.2d 584 (10th Cir.); *Hely v. Ratta*, 292 U.S. 263, 54 S.Ct. 700, 78 L.Ed. 1248."

"[2] Even though Estrada initially denied living in the trailer, his denial was as consistent with non-participating knowledge of the crime as it was with complicity in the crime. *When there is an innocent explanation for a defendant's conduct* as well as one that suggests that the defendant was engaged in wrongdoing, *the government must produce evidence* that would allow a rational jury to conclude beyond a reasonable doubt *that the latter explanation is the correct one*. In Estrada's case, the government produced no such evidence."

See *U.S. v. Estrada-Macias*, No.97-10115 (CA9 filed 7/12/2000). **Further** -

"[2] The federal Constitution's Fifth Amendment right to due process and Sixth Amendment right to jury trial, made applicable to the states through the Fourteenth Amendment, *require the prosecution to prove to a jury beyond a reasonable doubt every element of a crime.* (See *Sullivan v. Louisiana*, 508 U.S. 275, 277-278 (1993).)"

See *People v. Sengpadychith*, 26 Cal.4th 316 (2001). **Further** -

"The United States Supreme Court held: "What the factfinder must determine to return a verdict of guilty is prescribed by the Due Process Clause. The prosecution bears the burden of proving all elements of the offense charged, [citations], *and must persuade the factfinder 'beyond a reasonable doubt' of the facts necessary to establish each of those elements . . ."* The United States Supreme Court has extended this right to constitutionally require that *no jury instructions relieve the prosecution of the responsibility of proving each element beyond a reasonable doubt.* In *Carella v. California*, 491 U.S. 263, 265 (1989), the court held: *"Jury instructions relieving States of this burden* [of proving each element of an offense beyond a reasonable doubt] *violate a defendant's due process rights.* [Citations.] *Such directions subvert the presumption of innocence accorded to accused persons and also invade the truth-finding task assigned solely to juries in criminal cases."*

See *People v. Avila*, 35 Cal.App.4th 642, 43 Cal.Rptr.2d 853 (1995). **Further** -

"The Fifth Amendment to the United States Constitution guarantees that no one will be deprived of liberty without "due process of law," and the Sixth that, *"[i]n all criminal prosecutions, the accused shall enjoy the right to a speedy and public trial, by an impartial jury."* We have held that these provisions require criminal convictions to rest upon a jury determination that the defendant is guilty of *every element* of the crime with which he is charged, beyond a reasonable doubt. *Sullivan v. Louisiana*, 508 U.S. 275, 277-278 (1993). The right to have a jury make the ultimate determination of guilt has an impressive pedigree. *Blackstone* described "trial by jury" as requiring that the truth of every accusation, whether preferred in the shape of indictment, information, or appeal, should afterwards be confirmed by the unanimous suffrage of twelve of [the defendant's] equals and neighbors. . . .

See *United States v. Gaudin*, 515 U.S. 506, 510 (1995)). Also see Memo at pgs.6 through 17 for authorities on interpretive guidelines and restrictions.

1.6 To impose the provisions of 26 USC in any way upon the Defendant's, or Brian Chadsey's compensation for services, to issue a summons, to assess, tax, levy, lien or otherwise, the Plaintiff must have a lawful basis under Issues A through D of the Memo (pgs.17-35), and not a mere protective order against Congress' mandate(s). Plaintiff must match Defendant to statutory language before it contacts him in any way.

> 26 USC § 7201 Attempt to evade or defeat tax.- Any person *who willfully attempts* in any manner *to evade or defeat any tax imposed by this title* or the payment thereof shall, in addition to other *penalties provided by law*, be guilty of a felony and, upon conviction thereof, shall be fined not more than $100,000 ($500,000 in the case of a corporation), or imprisoned not more than 5 years, or both, together with the costs of prosecution.

1.7 "[I]mposed by this title" is not a *liability at the behest of a protective Order*; (Walden supra) it never will be, nor at the point of a gun through fear and coercion, yet this standard now stands as the Plaintiff's sole threat to Defendant's personal property and privacy. Authority originates from statute and here we see a void. (See *Brown & Williamson v. F.D.A.*, 153 F.3d 155, 160-167 (CA4 1998), aff'd 529 U.S. 120 (2000) (FDA stripped of tobacco enforcement authority for lack of statutory basis)). The record is vacant of nay liability statute or properly promulgated regulation (Mersky; S. Ct).

Relating to "willfulness" and the standards by which it is determined and/or proven, the U.S. DOJ briefs it exactly like this; *emphasis added*:

*Begin quote of DOJ/Groves' memorandum*.

> "At trial on the charge of conspiracy under 18 USC § 371, the United States will be required to introduce evidence supporting the conspiracy charge. In order to establish a violation of § 371 as a *Klein* conspiracy, the government must prove beyond a reasonable doubt the following:
>
>> 1. An agreement between two or more people;
>>
>> 2. to defraud the United States; and,
>>
>> 3. the commission of an overt act in furtherance of the conspiracy by a member of the conspiracy; and,
>>
>> 4. dishonest or deceitful means were employed to accomplish the purpose of the agreement.

See *U.S. v. Caldwell*, 989 F.2d 1056 (CA9 1993); *U.S. v. Penagos*, 823 F.2d 346, 348 (CA9 1987); *U.S. v. Klein*, 247 F.2d 908 (CA2 1957), cert. denied, 355 US 924 (1958).

The fourth element outlined above is unique to the Ninth Circuit in *Klein*-type tax conspiracy prosecutions. In *Caldwell*, the Ninth Circuit found the district court's jury instructions deficient because the court did not tell the jurors they had to find that the defendant agreed to defraud the United States by "deceitful and dishonest means." *Caldwell*, 989 F.2d at 1060. The *Caldwell* panel held that the Supreme Court's use of the term "defraud" in § 371 must be limited to wrongs done by "deceit, craft or trickery, or at least by means that are dishonest." *Id.* at 1059 (citing *Hammerschmidt v. United States*, 265 F.2d 182, 188 (1924)).

The United States will also bear the burden of proof of the defendant's willfulness. Willfulness is a voluntary, intentional violation of a *known legal duty*. *Cheek v. U.S.*, 498 US 192, 201 (1991). Proof of willfulness may be based totally on circumstantial evidence. *United States v. Poschwatta*, 829 F.2d 1477, 1483 (CA9 1987), cert. denied, 484 US 1064 (1988); Evidence that defendants were aware of their legal duty or were *warned of the impropriety* of their actions is appropriate circumstantial evidence. *United States v. Collocraft*, 876 F.2d 303, 305 (CA2 1989); *United States v. Dack*, 987 F.2d 1282, 1285 (CA7 1983)." [4]

*\*End quote of DOJ memorandum.*

The subject of the Plaintiff's case is a tax purportedly imposed on compensation for services earned by Brian and Mitzi Chadsey in the fifty freely associated compact states. If the Defendant had "a legal duty" it could simply be put on the record by stating the statute and regulation imposing the tax and the Plaintiff wouldn't need the court's protection or a protective Order in the form of the motions of lemine or as in Walden above. If Defendant had "a legal duty" the IRS would not have told him otherwise. Judicial Notice and the 1988 Quiet title DOJ and IRS agreed I had no filing requirement, or tax owed. The emotional outburst of AUSA Gallant, and the name calling stand as verification of the old parable; if a lawyer has the law on his side he pounds on the law; if he has the facts he pounds on the facts; when he has neither he pounds on the table, or in this case hides under the skirts of the court through lemine and fraud.

"In their zeal to enforce the law, however, *Government agents may not originate a criminal design, implant in an innocent person's mind* the disposition to commit a criminal act, and then induce commission of the crime so that the Government may prosecute. *Sorrells, supra*, at 442; *Sherman, supra*, at 372. *Where the Government has induced an individual to break the law and the defense of entrapment is at issue*, as it

---

[4]  See U.S.' "Motion for an inquiry into potential conflict of interest" **filed 1/5/05** in #02-0133 SOM-BMK, U.S. Dist. Court, Hawaii Division, by DOJ's Edward E. Groves.

was in this case, *the prosecution must prove beyond reasonable doubt that the defendant was disposed to commit the criminal act* prior to first being approached by Government agents. *United States v. Whoie*, 288 U.S. App. D.C. 261, 263-264, 925 F.2d 1481, 1483-1484 (1991)." [5]

Prior to The Quiet Title and Plaintiff's notification to the Court of ZERO balance the Defendant had filed annual statements and the IRS concurred in their validity, convincing Defendant that he'd substantially complied with his 27+ lb. Tax Code and regulations. The Plaintiff's safe harbor Lemine, fraud, and in protective orders hides the fact that no consideration of the law stands as their guide against the property, or rights of the Defendant.

In all reality, 26 USC 7201 charges rest entirely upon Defendant's being willful <u>and</u> liable for a tax on the amounts alluded to as evidence in the Indictment. The indictment is vacant of a liability statute or regulation (Mersky) and the defect has been repeatedly protected by the court. I have a right to statutes clearly conveying a liability in language men of common intellect can comprehend (Lanier, Conolly) leaving no room for interpretation (Zander, S.Ct 2006).

Is the Plaintiff's claim for damages referring to the chapter 1 tax which is imposed solely through regulation? (See Issue B, C of Memo, compare 2 USC § 1(a) through (h)).

Is the Plaintiff's claim for damages referring to taxes imposed solely upon the taxable income of the residents of the U.S. Possessions? (See Issue C of Memo, compare 26 USC §§ 1402(b), 3121(e)).

The possibilities are thereby exhausted; which one is it? Is this where the Plaintiff refers the Court to U.S. Dist. Judge Lee Yeakel's protective order from *Walden*? And what about Issue D and its claim under 4 USC § 72? And how did 26 USC § 83 operate in Plaintiff's conclusions and allegations?

These queries frame the proof that there simply is no tax liability for those years. It likewise disposes of as frivolous the Plaintiff's use of the term "tax protestor organization" or "abusive tax shelter" for it is borne purely of the false presumption that the law imposes a tax as briefed. The Plaintiff's entire case is thereby and therefore void *ab initio*, mere evidence of 18 USC §§ 241 and 242 violations on the part of counsel as complained of in Defendant's Joinder. Is the law so void of relevance that the Court will simply turn its back on this plain and clearly troublesome set of protections? Really? The language is plain and not subject to interpretation.

---

[5]  See *Jacobson v. United States*, 503 U.S. 540, 548 (1992).

DEFENDANT'S MOTION TO
DISMISS; Personam jurisdiction.          Page 8 of 13

"This means, naturally, that a prosecutor anxious about tacking too close to the wind will disclose a favorable piece of evidence. See *Agurs*, 427 U.S. at 108 ("[T]he prudent prosecutor will resolve doubtful questions in favor of disclosure"). This is as it should be. *Such disclosure will serve to justify trust in the prosecutor as*

> *the representative . . . of a sovereignty . . . whose interest . . . in a criminal prosecution is not that it shall win a case, but that justice shall be done.*

*Berger v. US*, 295 U.S. 78, 88 (1935). *And it will tend to preserve the criminal trial*, as distinct from the prosecutor's private deliberations, as the chosen forum for ascertaining the truth about criminal accusations. See *Rose v. Clark*, 478 U.S. 570, 577-78 (1986); *Estes v. Texas*, 381 U.S. 532, 540 (1965); *United States v. Leon*, 468 U.S. 897, 900-901 (1984) (recognizing general goal of establishing "procedures under which criminal defendants are `acquitted or convicted *on the basis of all the evidence which exposes the truth*'" (quoting *Alderman v. United States*, 394 U.S. 165, 175 (1969))). The prudence of the careful prosecutor should not therefore be discouraged." [6]

"Moreover, the Court's analysis reduces the significance of deliberate prosecutorial suppression of potentially exculpatory evidence to that merely of one of numerous factors that "may" be considered by a reviewing court. *Ante* at 683 (opinion of BLACKMUN, J.). This is not faithful to our statement in *Agurs* that "*[w]hen the prosecutor receives a specific and relevant request, the failure to make any response is seldom, if ever, excusable.*" 427 U.S. at 106. *Such suppression is far more serious than mere nondisclosure of evidence* in which the defense has expressed no particular interest. *A reviewing court should attach great significance to silence in the face of a specific request*, when responsive evidence is **later** shown to have been in the Government's possession. *Such silence actively misleads in the same way as would an affirmative representation that exculpatory evidence does not exist when, in fact, it does* (i.e., perjury) -- indeed, the two situations are aptly described as "*sides of a single coin.*" Babcock, Fair Play: Evidence Favorable to an Accused and Effective Assistance of Counsel, 34 Stan.L.Rev. 1133, 1151 (1982)." [7]

---

[6] See *Kyles v. Whitley*, 514 US 419, 439 (1995).

[7] See *US v. Bagley*, 473 US 667, 714 (1985). See *Id.*, at footnote 8, "at fn.8, lead opinion: "In fact, the *Brady* rule has its roots in a series of cases dealing with convictions based on the prosecution's knowing use of perjured testimony. In *Mooney v. Holohan*, 294 U.S. 103 (1935), the Court established the rule that the knowing use by a state prosecutor of perjured testimony to obtain a conviction, and the deliberate suppression of evidence that would have impeached and refuted the testimony, constitutes a denial of due process. The Court reasoned that "a deliberate deception of court and jury by the presentation of testimony known to be perjured" is inconsistent with "the rudimentary demands of justice." *Id.* at 112. The Court reaffirmed this principle in broader terms in *Pyle v. Kansas*, 317 U.S. 213 (1942), where it held that allegations that the prosecutor had deliberately suppressed evidence favorable to the accused and had knowingly used perjured testimony were sufficient to charge a due process violation."

DEFENDANT'S MOTION TO
DISMISS; Personam jurisdiction.          Page 9 of 13

*"Failure of government to obey the law cannot ever constitute "legitimate law enforcement activity."* [8]

"Past decisions of this Court demonstrate that *the touchstone of due process analysis in cases of alleged prosecutorial misconduct is the fairness of the trial*, not the culpability of the prosecutor. In *Brady v. Maryland*, 373 U.S. 83 (1963), for example, the prosecutor failed to disclose an admission by a participant in the murder which corroborated the defendant's version of the crime. *The Court held that a prosecutor's suppression of requested evidence -*

> *violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution.*

*Id.* at 87. Applying this standard, the Court found the undisclosed admission to be relevant to punishment, and thus ordered that the defendant be resentenced. Since the admission was not material to guilt, however, the Court concluded that the trial itself complied with the requirements of due process despite the prosecutor's wrongful suppression. The Court thus recognized that the aim of due process "is not punishment of society for the misdeeds of the prosecutor, but *avoidance of an unfair trial to the accused." Ibid.*

This principle was reaffirmed in *United States v. Agurs*, 427 U.S. 97 (1976). *There we held that a prosecutor must disclose unrequested evidence which would create a reasonable doubt of guilt that did not otherwise exist.* Consistent with *Brady*, we focused not upon the prosecutor's failure to disclose, but upon the effect of nondisclosure on the trial:

Nor do we believe the constitutional obligation [to disclose unrequested information] is measured by the moral culpability, or willfulness, of the prosecutor. *If evidence highly probative of innocence is in his file, he should be presumed to recognize its significance even if he has actually overlooked it.* Conversely, if evidence actually has no probative significance at all, no purpose would be served by requiring a new trial simply because an inept prosecutor incorrectly believed he was suppressing a fact that would be vital to the defense. If the suppression of the evidence results in constitutional error, it is because of the character of the evidence, not the character of the prosecutor." [9]

"Our overriding concern in cases such as the one before us is *the defendant's right to a fair trial. One of the most basic elements of fairness in a criminal trial is that available evidence tending to show innocence, as well as that tending to show guilt, be fully aired before the jury; more particularly, it is that the State in its zeal to convict a defendant not suppress evidence that might exonerate him.* See *Moore v. Illinois*, 408 U.S. 786, 810 (1972) (opinion of MARSHALL, J.). This fundamental notion of fairness does not pose any irreconcilable conflict for the prosecutor, for as the Court reminds us, the prosecutor *"must always be faithful to his client's overriding interest that 'justice shall*

---

[8] See *Oregon v. Elstad*, 470 US 298, 362 (1985)(dissent).
[9] See *Smith v. Phillips*, 455 US 209, 219 (1982).

be done.'" *Ante* at 111. *No interest of the State is served, and no duty of the prosecutor advanced, by the suppression of evidence favorable to the defendant. On the contrary, the prosecutor fulfills his most basic responsibility when he fully airs all the relevant evidence at his command."* [10]

See also *Id.*, at fn.17.

1.6 Where is the Defendant in all of this? Was the Grand Jury given the Plaintiff's notification of a ZERO balance from the Quiet title to consider? Was the Grand Jury given Notice that there was no deficiency or assessment applicable to Chadsey, cited in Collins as an essential element? The presumption of correctness enjoyed by the Plaintiff disappears upon introduction of evidence to the contrary. A "determination" must be the result of a consideration of all relevant facts and statutes. [11]   If it cannot be proven that the law as briefed has been permitted to operate, the Plaintiff's charges under 26 USC § 7201, *a fortiori*, 18 USC § 1, must fail under the law as briefed.

"Petitioner's claim may still be reviewed in this collateral proceeding *if he can establish that the constitutional error in his plea colloquy "has probably resulted in the conviction of one who is actually innocent." Murray v. Carrier,* 477 US, at 496. *To establish actual innocence, petitioner must demonstrate that, " 'in light of all the evidence,' " "it is more likely than not that no reasonable juror would have convicted him." Schlup v. Delo,* 513 US 298, 327-328 (1995) (quoting Friendly, Is Innocence Irrelevant? Collateral Attack on Criminal Judgments, 38 U. Chi. L. Rev 142, 160 (1970))." [12]

Probable cause was lacking *ab initio* and the attached Complaint and Memorandum show Plaintiff's agents to have aging prior knowledge of all of these deficiencies.

Plaintiff Council is a long experienced trial attorney who must be presumed to know the law and procedures and therefore intentionally defrauding the court of the entire law and evidence. The statutes are plain and not subject to interpretation (Zander, Scalia, 6-5-2006).

---

[10] See *US v. Agurs*, 427 US 97, 116 (1976)(dissent).
[11] See *Hughes v. U.S.*, 953 F.2d 531 (CA9 1992); *Portillo v. Comm'r of IRS*, 932 F.2d 1128 (CA5 1991); *Elise v. Connett*, 908 F.2d 521 (CA9 1990); *Jensen v. Comm'r of IRS*, 835 F.2d 196 (CA9 1987); *Scar v. Comm'r of IRS*, 814 F.2d 1363 (CA9 1987); *Benzvi v. Comm'r of IRS*, 787 F.2d 1541 (CA11 1986); *Maxfield v. U.S. Postal Service*, 752 F.2d 433 (1984); *Weimerskirch v. Comm'r of IRS*, 596 F.2d 358, 360 (CA9 1979); *Carson v. U.S.*, 560 F.2d 693 (1977); *U.S. v. Janis*, 428 U.S. 433, 442 (1975); *Alexander v. "Americans United" Inc.*, 416 U.S. 752, 758-770 (1973); *Pizzarello v. U.S.*, 408 U.S. 579 (1969); *Terminal Wine*, 1 B.T.A. 697, 701-02 (1925); *Couzens*, 11 B.T.A. 1140, 1159, 1179.
[12] See *Bousley v. United States*, 523 US 614 (1998).

DEFENDANT'S MOTION TO
DISMISS; Personam jurisdiction.         Page 11 of 13

## II. CONCLUSION & RELIEF.

2.1 Defendant must place this Court on mandatory judicial notice of the authorities cited in the attached Complaint in all of its parts, and he understands a failure to dismiss while the record is void of proof of personam jurisdiction vitiates the appearance of fairness and constitutes a violation of 18 U.S.C. § 242, thus imposing upon him 18 U.S.C. § 4 complaining requirements. (See Counts 1-7, and 9 of Complaint), at a time when Congressional Judiciary Committees are so exceedingly busy with existing matters of equal importance. Imagine, a conspiracy to defraud the Plaintiff out of a balance of ZERO or some nebulous unknown quantity (according to the Plaintiff); isn't that called "compliance"?

2.2 Isn't it true that there would be no case had Mr. Chadsey or the Defendant been billed and then paid ANY LAWFUL sums in controversy?  Where is the essential element of deficiency and assessment? Should Cahdsey and I pay sums the IRS says we do not owe? If so, when and why? Is Defendant to be imprisoned for failing to owe a tax, or will it be over some sort of *sudden death* sort of approach to prosecutorial discretion through impromptu culpability in random and baseless prosecutions?  The statutes are clear; no liability means no crime.

> **"To punish a person because he has done what the law plainly allows him to do is a due process violation of the most basic sort**, see *North Carolina v. Pearce*, *supra* at 738 (opinion of Black, J.), **and for an agent of the State to pursue a course of action whose objective is to penalize a person's reliance on his legal rights is "patently unconstitutional."** *Chaffin v. Stynchcombe*, *supra* at 32-33, n.20. See *United States v. Jackson*, 390 U.S. 570. But in the "give-and-take" of plea bargaining, there is no such element of punishment or retaliation so long as the accused is free to accept or reject the prosecution's offer." [13]  Were Brian Chadsey not completely deceived and intimidated by the prosecution would there be a plea or any bought or extorted testimony?

2.3 The IRS itself prevented Mr. Chadsey and the Defendant from paying the sums in controversy by failing to assess and bill Brian and defendant what was owed them, when such could have indeed averted this prosecution; that's entrapment. Surely due process fails when an essential element is missing and prosecution's refusal to cooperate with pretrial discovery, and was granted a motion in lemine that prevented the law from being introduced into the prosecution's equation stands as the sole obstacle to dismissal for the lack of lawful authority to

---

[13]  See *Bordenkircher v. Hayes*, 434 U.S. 357, 363 (1978).

do so much as speak to the Defendant, much less prosecute over an unknown un-assessed, and unnoticed balance testified as "we guess. and we think maybe" of perhaps ZERO.    The prosecutors ranting fit is not evidence; and the burden was not met even to jurisdiction or nature.

2.4 Can this "mere territorial court' (Bolzac, Mookini) Court proceed, is the Court complete, when the record is and will remain void of proof that Defendant participated in any wrongdoing, that he evaded some unknown and undefined tax (of ZERO) other than those he does not owe or which are imposed through regulation alone, or that the law imposes a duty of any kind upon him? Can the Court proceed against one who the Plaintiff told was *non culpabilis* many years ago, whose status has not changed and still serve its purpose? The Plaintiff has entrapped the innocent Defendant, as testified by Scheets, through illegal search and seizure in clandestine wiretaps and fraud; entrapped Chadsey through unlawful search and seizure without the federal zone jurisdiction (4 USC 72) for extortion and intimidation, in its violation of 18 USC §§ 241, 242, and 1962 against him and has asked the Court to participate.

2,5 Any failure to dismiss seeks to redefine *due process* in a "sham" way not approved by the Supreme Court in their Noerr-Pennington Doctrine when there is no statute for liability that can be read in its simple language to satisfy the Supreme Court precedent decisions in Connolly, Lanier or Zander  2006 standards for language and interpretations of the language furnished by Congress in Statute.  The often noted lack of a liability statute imposing a lawful duty under 26 USC supported by properly promulgated regulations, SC Mersky, written in simple language common men can comprehend leaves this court without a statute upon which to rest jurisdiction of the living man who is a citizen found at home within his state and without the federal zone as defined in 4 USC 72.  Butchers Union, Pollack, Stanton, Bruschaber, Evans, Gore , Gould and all the rest cited in Judicial notices and in the attached Complaint, joinder, brief and exhibits are incorporated by this reference as fully set out herein.

2.6 Defendant hereby challenges this Court's personam jurisdiction in relation to issues raised in the attached Memo as briefed. Issues A through D (pg.16-35), and Issue F and G (pg.38-46), constitute a jurisdictional bar on due process and statutory grounds, in this instance, and Defendant is entitled to dismissal as a matter of right. Personam jurisdiction is nonexistent so essential elements are lacking, and the Plaintiff's claim must be viewed as one which fails to state a claim upon which relief may be granted, *a fortiori*, it must be dismissed with prejudice.

Defendant moves the court in it's Article III judicial capacity for the order vacating the verdict of the jury, with prejudice, dismissing the faulty indictment, with prejudice, for return of the bond, and such other sanctions as the court deems just to alter the behavior of the plaintiff.

Dated: 5 July 2006

Respectfully submitted:

Jimmy Clayton Chisum, sui juris, en esse
48412 n. Black Canyon Hwy. #356
New River, Arizona, 85087

///
///

**Certificate of Service:**

I, Jimmy Clayton Chisum do hereby serve notice that I have personally delivered the Plaintiff service to the US Attorneys office at 1200 W. Okmulgee, Muskogee, Oklahoma 74401 this 5th day of July, 2006 AD.

Exhibit F

**District Court of THE United States
In and for Oklahoma**

FILED

JUL 0 5 2006

[stamp, illegible]
Clerk, U.S. District Court
By _____
Deputy Clerk

| United States of America | ) |
| Plaintiff | ) |
| | ) |
| V. | ) | Case 05 CR 043 WHT |
| | ) |
| Jimmy Clayton Chisum, sui juris | ) |
| Defendant | ) |
| | ) |

**Motion by affidavit for change of venue from the "mere territorial court" called United States District Court to the Article III judicial court, the District Court of the United States in and for Oklahoma.**

### AFFIDAVIT OF Jimmy Clayton Chisum, sui juris

I, Jimmy Clayton Chisum, am a follower of the way. Jesus Christ is my only King and Almighty God is my only sovereign. I am allegiant and loyal to God's law and the commands of King Jesus and adhere to man's law whenever there is no conflict (Leviticus 18:3,4); (We ought to obey God rather than man; Acts 5); (all law is a blessing to those who do good). Pursuant to Matthew 5:33-37, and James 1:12 my yeas are yeas, my nays are nays, I lie not as confirmed by Federal Public Law 97-280, aka 96 Stat 1211. I have personal knowledge of the matters stated herein, and acknowledge the liabilities presented in **Briscoe v LaHue, 460 US 325.**

### Statement of the law and facts

Jimmy Clayton Chisum has done the due diligence to personally research or verify each of the court decisional precedence, statutory mandates of congress, and constitutional citations contained herein to the maximum extend of my ability to be able to furnish this affidavit concerning the law and statements from precedent that necessarily embody the Rule of law for the court functioning honestly and in appropriate jurisdiction with reference to me. The full record is incorporated for necessity of consideration by this reference, for judicial economy, in order that all the law of the case

1

and subject matter may be brought to consideration that has previously been put on the

record by Judicial Notices 1, 2, 3 and jurisdictional challenges to the denial of nature and

cause as well as the frivolous and fraudulent way the Bill of Particulars was done.

## MERE TERRITORIAL COURT

*Albrecht v. U.S.*
*Balzac v. People of Puerto Rico*, 258 U.S. 298 (1922)
*"The United States District Court is not a true United States Court, established under Article 3 of the Constitution to administer the judicial power of the United States therein conveyed. It is created by virtue of the sovereign congressional faculty, granted under Article 4, 3, of that instrument, of making all needful rules and regulations respecting the territory belonging to the United States. The resemblance of its jurisdiction to that of true United States courts, in offering an opportunity to nonresidents of resorting to a tribunal not subject to local influence, does not change its character as a mere territorial court."*
*Basso v. UPL*, 495 F. 2d 906
*Brook v. Yawkey*, 200 F. 2d 633
*Elliot v. Piersol*, 1 Pet. 328, 340, 26 U.S. 328, 340 (1828)

*Mookini v. U.S.*, 303 U.S. 201 (1938)
*"The term 'District Courts of the United States' as used in the rules without an addition expressing a wider connotation, has its historic significance. It describes the constitutional courts created under Article 3 of the Constitution. Courts of the Territories are Legislative Courts, properly speaking, and are not district courts of the United States. We have often held that vesting a territorial court with jurisdiction similar to that vested in the district courts of the United States (98 U.S. 145) does not make it a 'District Court of the United States'.*
*"Not only did the promulgating order use the term District Courts of the United States in its historic and proper sense, but the omission of provision for the application of the rules the territorial court and other courts mentioned in the authorizing act clearly shows the limitation that was intended."*
*McNutt v. General Motors*, 298 U.S. 178
*New York v. United States*, 505 U.S. 144 (1992)

I, the natural man, sui Juris en esse, have throughout this "Noerr-Pennington

Doctrine" "Sham " process and procedure repeatedly requested Nature and Cause,

continuously questioned and challenged the personal, Subject Matter and Territorial

jurisdiction of the court to act in ways that at least appear to be completely repugnant to

acts of congress in statute, regulation, code, and express limitations imposed by the

United States Constitution, and decisional precedent of the United States Supreme

Court. The Elrod precedent says loss of first amendment right to petition for even a short time constitutes irreparable damage.

All challenges to jurisdiction have been met with discourtesy and disrespect by Ronald White acting in the capacity of legislative administrator of the "mere territorial court called United States District Court (USDC), Eastern District of Oklahoma(EDOK).

I have been repeatedly, prejudicially and intentionally damaged by the actions of this "mere territorial court and its legislative administrator in collusion, cooperation, or conspiracy with the plaintiff council and witnesses.

Challenge to all elements of jurisdiction was timely and properly made prior to arraignment. Notice and demand for nature and cause was also made in writing in advance and reiterated verbally during the sham arraignment procedure.

Magistrate West, acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK acknowledged and refused to address the question of jurisdiction or require any proof from the plaintiff. No decision of jurisdiction was entered on the record; no facts were put upon the record by the plaintiff. THE RECORD IS VACANT OF ANY PROOF OF JURISDICTION, OR ANY DISCLOSURE OF THE NATURE AND CAUSE.

Magistrate West, acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK acknowledged and refused to address the questions of God granted liberties and first amendment protections contained in the challenge to jurisdiction or require any proof from the plaintiff. No decision of jurisdiction was entered on the record. First amendment rights and protections were trampled; the Noerr-Pennington Doctrine of the Supreme Court calls this a sham process where its only result is to deny my due process, right to petition my government for redress of grievance, even the murder of innocent children in the womb. The Supreme Court speaks plainly in Elrod; the damage is instant and irreparable. Applying the Zedner

3

decision; there is no ambiguity in the decisional precedent or the simple language of the supreme Court leaving there no room for the inferior mere territorial court to interpret.

**Elrod v. Burns**, 427 U.S. 347; 6 S. Ct. 2673; 49 L. Ed. 2d (1976)

"*Loss of First Amendment Freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury.*"

**Ableman v. Booth**, 21 Howard 506 (1859)

"*No judicial process, whatever form it may assume, can have any lawful authority outside of the limits of the jurisdiction of the court or judge by whom it is issued; and an attempt to enforce it beyond these boundaries is nothing less than lawless violence.*"

Notice and demand for nature and cause was made prior to arraignment.

Magistrate West acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK refused to address the Nature and Cause and became angry and intimidating when questioned about nature or reminded of Supreme Court precedent. Magistrate West committed lawless violence against the constitution and my right to petition in violation of Constitution, Statute, Rule, and precedent.

Defendant has a constitutionally protected right to know the nature and cause of any action brought against him. That constitutional right can not be stolen, sold, rented, waived, compromised, abrogated or taken away by legislative trick or by boisterous display of prejudicial attitude. Defendant is Propria Persona to preserve jurisdictional challenge and the demand for nature and cause.

Under the Noerr-Pennington doctrine of the United States Supreme Court this whole display by Magistrate West is a sham proceeding and void on its face for doing irreparable damage to my constitutional rights, and violence against the constitution.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK summarily refused, on the record, to disclose the nature and cause, or to require the plaintiff to put any evidence on the record of

nature and cause. White promised to order substantiation of Nature and cause in the Bill of Particulars during September pretrial Tr Pg 19; but aided the plaintiff, practicing law from the bench, by not keeping his word in the order for Bill of particulars or enforcing his word in November pretrial. The record is vacant of any proof of jurisdiction, and Administrator White mere declared jurisdiction by force of guns and fraud absent any proof by the plaintiff; thus denying my right to proof of every element of the charge.

Law, Rule, Ethics and Precedent require that Jurisdiction be proven, by the plaintiff and decided by the court based upon the evidence furnished into the record once challenged. No proof of jurisdiction or affirmative statement of facts and conclusions has been entered into the record at any time during this proceeding. No affirmative or declaratory decision based on factual evidence, or statutory mandate of congress could have been made; because the record is vacant of proof. Fraud and corruption is my only explanation; or total ignorance and incompetence.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK has continuously and prejudicially aided the plaintiff by concealing the hidden "exclusive legislative jurisdiction" of the "mere territorial court" through which White is wrongfully trespassing upon the sovereignty of Oklahoma.

Rules of evidence require that the moving party substantiate the claimed jurisdiction by verified documentary evidence placed on the record by a competent fact witness, testifying under oath, under penalty of perjury and subject to cross-examination. Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK abrogated those rules to aid the prosecution. The record is vacant of evidence and law to establish jurisdiction for the mere territorial court or the legitimate judicial court

Statute, Constitution, Ethics and Rules require that the plaintiff prove every element of the case. Multiple Courts of Appeals precedent and advisory decisions show

that assessment and or an administrative deficiency to enforce a valid assessment is an essential element of the crime of tax evasion.  In RE Collins 920 F2d 619 @ 631 states deficiency is essential.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK prejudicially aided the prosecution, practicing law from the bench by summarily refusing to require any proof of assessment or deficiency upon the record, compounded by calling precedent and statute frivolous. The record is vacant of evidence or proof of assessment or deficiency.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK summarily refused to instruct the jury that the plaintiff was required by law to prove the "essential Element" known as assessment or deficiency in the alleged crime of tax evasion.

Law and precedent make clear that there must first be a liability established in an assessment or deficiency for there to be imposed a penalty for evading a known duty.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK arbitrarily and capriciously with apparent forethought and planning abrogated the requirement for a liability statute imposing a known duty before law in his aid to plaintiff by practicing law from the bench.

No evidence appears on the record of any Assessment.

No evidence appears on the record of a liability statute.

No evidence appears on the record of what tax laid by congress was attempted to be evaded.

Constitution, Statute, rule and ethics requires that the lawyer acting for a moving party prove both the standing of the Moving Party before the court and the Attorney's right and authority to act for the plaintiff.

No evidence appears on the record of the existence of United States of America.

No evidence appears on the record of the capacity of UNITED STATES OF AMERICA to be an injured party. Absent an injured party, damaged by my failure to perform a known legal duty there is no cause of action. Administrator White, in cooperation, collusion, or conspiracy irreparably damaged my right to redress.

No evidence appears on the record of a factually sufficient indictment alleging a liability for any tax imposed by Constitution, Statute and Regulation in favor of United States of America against which the penalty of 26 USC 7201 may be imposed.

Under Noerr-Pennington doctrine of the Supreme Court this is a sham process.

No evidence appears on the record to establish any liability statute in favor of United States of America verifying that defendant is subject to and liable for the alleged income taxes owed by Brian and Mitzi Chadsey.

No evidence of any Constitutionally appropriate Statute, Regulation, or code imposing a tax liability upon the "common occupation" of Brian Chadsey. Pollack

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK ignored law, constitution and precedent to prejudicially excused plaintiff's burden of proof while calling my redress frivolous.

No evidence appears on the record that the USDC, EDOK has subject matter jurisdiction over any alleged acts of Brian Chadsey and Jimmy Chisum without the Federal zone United States and within the sovereign republic state called Oklahoma.

No evidence appears on the record that Internal Revenue Service, or any of the witnesses have delegated authority to act for United States of America without the federal zone and within the sovereign territory of Oklahoma. The Supreme Court in Bevans made it abundantly clear that the federal zone jurisdiction does not extend to within the states. The Supreme Court reaffirmed this rule of law in Utah Division of State lands v US, New York v US and Alden v Maine.

No evidence appears on the record to establish that Internal Revenue Service has any function or relationship to United States of America; 26 USC does not do so in plain simple language men of common intellect can comprehend.  Lanier, Zander

No evidence appears on the record to establish that United States of America ever appeared in the case to be confronted and cross examined as guaranteed by Constitution.

No evidence appears on the record to establish that any of the witnesses were competent fact witnesses to testify to verifiable facts to establish the jurisdiction, authority or injury of or for United States of America.

All seven United States Department of Treasury agent acting as fact witnesses testified that they were employed by United States Department of Treasury, and Internal Revenue Service; and none claimed in any way to be United States of America, or representing United States of America, or to being injured by me.  US and USA are different; separate corporations or states foreign to each the other and to Oklahoma.

No evidence appears on the record to connect United States Department of Treasury, Internal revenue service to United States of America; 26 USC does not.

The United States Constitution creates United States as a limited delegated Government of three equal branches divided by separation of powers and prohibits one branch from trespassing on another branch; or upon the state.  NY v US, 505 US 124

The United States Constitution does not delegate any power of taxation whatever to United States of America.  Powers not expressly delegated in the specific limited language of the Constitution do not exist.   NY v US, Caha v. US, 152 US 211, 214

The United States Constitution does not establish United States of America as any part of the general government created by and through the constitution or delegate

USA any law enforcement, taxing, judicial or police powers within the separate sovereign states.   Powers not specifically and expressly delegated are reserved.  NY v US

No statute, law or regulation appears on the record to substantiate that United States of America can be injured.  Only living beings can be injured at law, or complain.

No law, statute, code or regulation appears on the record to establish that USA has any lawful standing before the Mere territorial court administered by White.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK abrogated all the law and requirements for the plaintiff to prove or establish standing before the court; an illegal act.

**Chandler v. Judicial Council of the 10th Circuit, 398 U.S. 74, 90 S. Ct. 1648, 26 L. Ed. 2d 100**
**Justice Douglas, in his dissenting opinion at page 140 said, "If (federal judges) break the law, they can be prosecuted."  Justice Black, in his dissenting opinion at page 141) said, "Judges, like other people, can be tried, convicted and punished for crimes... The judicial power shall extend to all cases, in law and equity, arising under this Constitution".**

Ronald White, acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK, abrogated judicial requirements for proof of injury or the capacity of the plaintiff to complain about injury; an illegal act.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK abrogated all requirements of proof for authority to appear on behalf of USA by plaintiff alleged council; an illegal act.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK colluded or conspired with plaintiff's pretend council to deprive defendant of all judicial remedy and rights to evidence presented by competent fact witnesses, testifying on the record, under oath and subjected to cross examination of verifiable facts for which they possess first hand knowledge.

9

The record is vacant of evidence, presented by a competent fact witness to prove on the record that the United States Attorney has a legal relationship to represent UNITED STATES OF AMERICA. No evidence appears on the record to establish standing for the AUSA called Gallant has any lawful standing to bring an accusation of injury to United States of America. NY v US, Bolzac, Mookini, Utah, Alden

Despite repeated challenges to jurisdiction no competent fact witness, testifying on the record, under oath, penalty of perjury, and subject to cross-examination has presented verifiable facts to establish the standing of United States of America, United States Attorney, or perpetrator Gallant.

No evidence appears on the record that the relationship between Jeffrey Gallant and USA has been lawfully established in that there has been no competent fact witness testifying under oath and subject to cross examination about the relationship.

All requests for nature and cause of the complaint and action were met with disrespect and ignored or directly refused by Ronald White acting in a legislative administrative capacity in the mere territorial court known as USDC, EDOK.

All motions relying on Constitutional limitations of authority were met with prideful prejudice and disrespectful attitude by Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK.

All citations of Supreme Court precedent in challenging Jurisdiction have been met with disrespect and prejudice by Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK.

All requests for finding of facts, and conclusions of law on which Ronald White relied in making his decisions to deny Motions challenging Jurisdiction were met with prejudice and disrespect by Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK.

Defendant prepared and delivered to the court three detailed Judicial Notices which were received and accepted by the court. Judge White acting as an administrator in the "mere territorial court" ignored law, called the Supreme Court decisions Frivolous and aided plaintiff in covering up the need for proof on the record to establish jurisdiction and facts. Under Noerr-Pennington this can be no less than a sham procedure to defeat the due process rights and procedures the Article III judicial court would owe in carrying out its oath of office and constitutional duty.

The Supreme Court cited in Jdicial Notices says that silence can only be equated with fraud; the record is silent on liability, jurisdiction, standing, nature, and delegated authority. The silence can only mean fraud upon the court or by the court.

Ronald White, acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK, abrogated judicial requirements and ignored Rules of evidence by not presenting the content of the Judicial Notices to the Jury.

All acts of the "mere territorial court" performed outside the Federal Zone of territorial jurisdiction are sham proceedings and void upon their face for lack of jurisdiction and trespass upon the sovereignty of the separate equal state of Oklahoma.

Ronald White, EDOK, intentionally committed numerous illegal act; 18 USC 4.

## CONCLUSION

The rules for the "mere territorial court" under exclusive legislative jurisdiction are secrets of the secular humanist religion (synagogues of satan) of stateism and are not made available to defendant; violating all constitutional requirements of the Supreme Court and their Noerr Pennington doctrine and in express religious discrimination against my free exercise of the protestant Christian faith of the Holy Bible with No sovereign but God and no King but Jesus. Public Law 97-280; 96 Stat 1211

**■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■■**

The mere territorial court under exclusive legislative control is not authorized by constitution to function within the sovereign territory of the separate republic state known as Oklahoma.

All acts and actions by the mere territorial court outside the express territorial limitations cited in the United States Constitution at Article 1, Section 8, Clause 17; Article 4, Section 3, and 4 USC 72 are unconstitutional act and impose no duty upon defendant.

All law must be written and fully disclosed in language average people can understand or else that law imposes no duty on defendant. Connolly and Lanier cases; the Zedner case decided 6-5-06 leaves Article III judges no room for interpretation.

The mere territorial court operated by Perryman, White, West, Sperling, Gallant, Cecil, Pearce and others in collusion or conspiracy with Congress is a criminal, or terrorist enterprise stealing jurisdiction at the point of a gun, and through political or financial extortion upon the state, trespassing upon the sovereignty of Oklahoma, deprive Oklahoma of full sovereign statehood, impose foreign rule upon the people of Oklahoma and deprive me of due process of law and constitutional protection.

The District Court of the United States is the judicial inferior Court established under Article III of the United States Constitution with the authority to adjudicate federal felony crimes listed in the federal criminal code by lawful constitutional and statutory delegations of authority.

I have a constitutionally protected right to be tried by a jury of my peers in an article III judicial court and am not subject to the foreign corporate jurisdiction of the exclusive territorial authority of the legislature or the mere territorial court.

Ronald White acting in the capacity of a legislative administrator of the "mere territorial court" known as USDC, EDOK colluded or conspired with plaintiff pretend council to deprive defendant of all judicial remedy and rights to evidence presented by

competent fact witnesses, testifying on the record, under oath and subjected to cross examination of verifiable facts for which they possess first hand knowledge.

ONLY A MERE TERRITORIAL COURT OPERATING UNDER EXCLUSIVE LEGISLATIVE AUTHORITY OUTSIDE THE BOUNDS OF CONSTITUTION, STATUTE, CODE AND PRECEDENT COULD ACT IN SUCH TOTAL DISREGARD OF CONSTITUTION, STATUTE, REGULATION, ETHICS, RIGHTS, AND THE PRECEDENT GUIDELINES OF THE Supreme Court.

## RELIEF SOUGHT

**WHEREFORE:** defendant moves this court for a change of venue to the lawfully established Article III inferior court of justice known as the District Court of the United States;

For full due process of law as protected by the constitution, enacted into statute, codified, and ratified by the consistent rulings of the United States Supreme Court;

Ruling to void all of the acts and actions of the mere territorial court acting within the sovereign territory of Oklahoma.;

Overrule abrogate and nullify each every and all actions of the West, Duncan and White for the Mere territorial court known as United States District Court, Eastern District of Oklahoma and of Arizona in this incident case;

For full due process in any District Court of the United States Grand Jury;

Sufficient sanctions to stop the abhorrent illegal behavior of the USDC, EDOK, and those pretending to impersonate judges, and officers of the court; and

Restoration of all rights and property belonging to Chadsey and Chisum that have been abrogated, damaged or infringed.

I am not an expert in the law however I do know right from wrong. If there is any human being damaged by any statements herein; if he will inform me by facts I will sincerely make every effort to amend my ways. I hereby and herewith reserve the right

to amend and amendments to this document as necessary in order that the truth may be ascertained and proceedings justly determined. If the parties given notice by means of this document have information that would contravene or overcome this Affidavit, please advise me IN WRITTEN AFFIDAVIT FORM within thirty (30) days from receipt hereof provide me with your counter-affidavit, proving with particularity by stating all requisite actual evidentiary facts or conclusions of law, and not merely the ultimate facts or conclusions of law, that this Affidavit Statement is substantially and materially false sufficient to change materially my status and factual declarations. Your silence stands as consent to, and tacit approval of the factual declarations herein being established as fact as a matter of law. May the will of our Heavenly Father YHWH, through the power and authority of the Holy Spirit sent by His son Jesus the Christ be done in earth as in Heaven. AMEN!

**Reserving ALL Natural GOD-Given Unalienable Birthrights and Waiving None of the Liberties granted by Almighty God.**

**28 USC 1746**

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Prepared and Signed on this 28th day of April in the year of our Lord and savior Jesus Christ Two thousand and six AD.

Jimmy C. Chisum, sui juris

48412 N. Black Canyon Hwy. #356

New River, Arizona, 85087

**CERTIFICATE OF SERVICE:**

I, Jimmy Clayton Chisum, hereby certify that I have served the plaintiff by hand delivery to Jeffrey Gallant, AUSA, 1200 W. Okmulgee St, Muskogee, Oklahoma, 74401 this 5th day of July, 2006 AD.

Exhibit G

# RE: [LibertarianExchange] AZ1 news_Schlosser Signs Liberty Compact

JC CHISUM

Thu, 26 Oct 2006 13:28:57 -0700

Hello,

Since this Liberty Compact seems to be so important, I need an answer to a very important question to me.

Right now my Husband, Jimmy C Chisum is starting a sentence for 8 1/2 due to "attempted tax evasion". Under the sentencing guidelines the IRS was allowed to add on numbers to boost the actual sentence of 24-36 months to 97 by using their figures to which there is no facts to back them up.

In researching to help my husband, I discovered that Title 2 of the U S Code "The Congress" has never been revised, codified or enacted into positive law. However, H.R. 7088, a bill to do so was introduced in the House in 1942 (see 88 Cong. Rec. 4219). So my question or two are:  Are the Articles of Confederation still alive in the Congress as it gave Congress all the power?  Why do we consider any of the CFR's, any acts of Congress as meaningful?  If they have never become positive law as the President (Title 3, codified and enacted into positive law by act of June 25, 2948 ch. 644, 62 Stat 672 with no revision notes after each section), The Flag, Seal, and Seat of Government (Title 4, codified and enacted into positive law by act of July 30 1947, ch. 389, 61 Stat 641, nor revision ntoes after each section) or Government Organization and Employees; and Appendix, (Title 5 revised, codified and enacted by Public Law 89-554 sec 1, Sept 6, 1966 80 Stat 378), Title 12, 15, 16, 6, 7, 8, 19, 20, 21, 22, 24, 26 IRS, 27 BATF, 29, 30 BLM, 33, 34, 41, 42, 43, 45, 47, 48 Territories and Insular Possessions, 50 War and National Defense are not enacted, revised or positive law - how have we allowed ourselves to believe that Congress has enacted anything as laws?  All we seem to have is bureaucracies running around and harassing the American people.

So how does anyone running for Congress plan to do anything different?

Thank you, Donna Chisum

Exhibit H

# THE TRUTH ABOUT FRIVOLOUS TAX ARGUMENTS
## NOVEMBER 30, 2006

I. **FRIVOLOUS TAX ARGUMENTS IN GENERAL** ...........................................1

  A. The Voluntary Nature of the Federal Income Tax System...........................1

    1. Contention: The filing of a tax return is voluntary................................1

    2. Contention: Payment of tax is voluntary. ........................................2

    3. Contention: Taxpayers can reduce their federal income tax liability by filing a "zero return." ...............................................................5

    4. Contention: The IRS must prepare federal tax returns for a person who fails to file. ..................................................................7

    5. Contention: Compliance with an administrative summons issued by the IRS is voluntary. ...........................................................8

  B. The Meaning of Income: Taxable Income and Gross Income ...................10

    1. Contention: Wages, tips, and other compensation received for personal services are not income. ...............................................10

    2. Contention: Only foreign-source income is taxable. ..........................14

    3. Contention: Federal Reserve Notes are not income.........................17

  C. The Meaning of Certain Terms Used in the Internal Revenue Code..........18

    1. Contention: Taxpayer is not a "citizen" of the United States, thus not subject to the federal income tax laws.....................................18

    2. Contention: The "United States" consists only of the District of Columbia, federal territories, and federal enclaves.......................20

    3. Contention: Taxpayer is not a "person" as defined by the Internal Revenue Code, thus is not subject to the federal income tax laws. ...................21

    4. Contention: The only "employees" subject to federal income tax are employees of the federal government. ...........................................22

  D. Constitutional Amendment Claims ......................................................24

    1. Contention: Taxpayers can refuse to pay income taxes on religious or moral grounds by invoking the First Amendment...........................24

    2. Contention: Federal income taxes constitute a "taking" of property without due process of law, violating the Fifth Amendment. ...............................25

    3. Contention: Taxpayers do not have to file returns or provide financial information because of the protection against self-incrimination found in the Fifth Amendment.................................................................26

    4. Contention: Compelled compliance with the federal income tax laws is a form of servitude in violation of the Thirteenth Amendment........................27

    5. Contention: The Sixteenth Amendment to the United States Constitution was not properly ratified, thus the federal income tax laws are unconstitutional......28

    6. Contention: The Sixteenth Amendment does not authorize a direct non-apportioned federal income tax on United States citizens. ...............................30

  E. Fictional Legal Bases ......................................................................31

2

1. Contention:  The Internal Revenue Service is not an agency of the United States. ..................................................................................................... 31

2. Contention:  Taxpayers are not required to file a federal income tax return, because the instructions and regulations associated with the Form 1040 do not display an OMB control number as required by the Paperwork Reduction Act. 32

3. Contention:  African Americans can claim a special tax credit as reparations for slavery and other oppressive treatment. ........................................... 33

4. Contention:  Taxpayers are entitled to a refund of the Social Security taxes paid over their lifetime. ................................................................................ 35

5. Contention:  An "untaxing" package or trust provides a way of legally and permanently avoiding the obligation to file federal income tax returns and pay federal income taxes. ................................................................................. 36

6. Contention:  A "corporation sole" can be established and used for the purpose of avoiding federal income taxes. ..................................................... 39

II. FRIVOLOUS ARGUMENTS IN COLLECTION DUE PROCESS CASES ...... 41

A. Invalidity of the Assessment .............................................................. 41

1. Contention:  A tax assessment is invalid because the taxpayer did not get a Form 23C. ....................................................................................... 41

2. Contention: A tax assessment is invalid because the assessment was made from a substitute for return prepared pursuant to section 6020(b), which is not a valid return. ......................................................................................... 42

B. Invalidity of the Statutory Notice of Deficiency ............................................ 43

1. Contention: A statutory notice of deficiency is invalid because it was not signed by the Secretary of the Treasury or by someone with delegated authority. ...... 43

2. Contention: A statutory notice of deficiency is invalid because the taxpayer did not file an income tax return. ................................................................... 43

C. Invalidity of Notice of Federal Tax Lien ................................................... 44

1. Contention: A notice of federal tax lien is invalid because it is unsigned. .......... 44

2. Contention: A notice of federal tax lien is invalid because it was filed by someone without delegated authority. ............................................................ 45

D. Invalidity of Collection Due Process Notice ............................................... 45

1. Contention: A collection due process notice (Letter 1058, LT-11 or Lt-3172) is invalid because it is not signed by the Secretary or his delegate. .................... 45

2. Contention: A collection due process notice is invalid because no certificate of assessment is attached. ...................................................................... 46

E. Verification Given as Required by I.R.C. § 6330(c)(1) ............................... 46

1. Contention: Verification requires the production of certain documents. ............ 46

F. Invalidity of Statutory Notice and Demand ............................................... 47

1. Contention: No notice and demand, as required by I.R.C. § 6303, was ever received by taxpayer. ........................................................................... 47

2. Contention: A notice and demand is invalid because it is not signed, it is not on the correct form (such as Form 17), or because no certificate of assessment is attached. ............................................................................................. 48

G. Tax Court Authority ........................................................................... 49

1. Contention: The Tax Court does not have the authority to decide legal issues. 49

H. Challenges to the Authority of IRS Employees ...........................................50

    1. Contention: Revenue Officers are not authorized to seize property in satisfaction of unpaid taxes.........................................................................50

    2. Contention: IRS employees lack credentials.  For example, they have no pocket commission or the wrong color identification badge. ...........................51

I. Use of Unauthorized Representatives.......................................................51

    1. Contention: Taxpayers are entitled to be represented at hearings, such as collection due process hearings, and in court, by persons without valid powers of attorney. ...................................................................................51

J. No Authorization Under I.R.C. § 7401 to Bring Action ...............................52

    1. Contention: The Secretary has not authorized an action for the collection of taxes and penalties or the Attorney General has not directed an action be commenced for the collection of taxes and penalties. ...................................52

III. PENALTIES FOR PURSUING FRIVOLOUS TAX ARGUMENTS .................53

1

# THE TRUTH ABOUT FRIVOLOUS TAX ARGUMENTS
# NOVEMBER 30, 2006

This responds to some of the more common frivolous "legal arguments" made by individuals and groups who oppose compliance with the federal tax laws. The first section groups these arguments under six general categories, with variations within each category. Each contention is briefly explained, followed by a discussion of the legal authority that rejects the contention. The second section responds to some of the more common frivolous arguments made in collection due process cases brought pursuant to sections 6320 or 6330. These arguments are grouped under ten general categories and contain a brief description of each contention followed by a discussion of the correct legal authority. A final section explains the penalties that the courts may impose on those who pursue tax cases on frivolous grounds.

## I.   FRIVOLOUS TAX ARGUMENTS IN GENERAL

### A.   The Voluntary Nature of the Federal Income Tax System

#### 1.   Contention: The filing of a tax return is voluntary.

Some assert that they are not required to file federal tax returns because the filing of a tax return is voluntary. Proponents point to the fact that the IRS itself tells taxpayers in the Form 1040 instruction book that the tax system is voluntary. Additionally, the Supreme Court's opinion in Flora v. United States, 362 U.S. 145, 176 (1960), is often quoted for the proposition that "[o]ur system of taxation is based upon voluntary assessment and payment, not upon distraint."

**The Law:** The word "voluntary," as used in Flora and in IRS publications, refers to our system of allowing taxpayers to determine the correct amount of tax and complete the appropriate returns, rather than have the government determine tax for them. The requirement to file an income tax return is not voluntary and is clearly set forth in sections 6011(a), 6012(a), et seq., and 6072(a). See also Treas. Reg. § 1.6011-1(a).

Any taxpayer who has received more than a statutorily determined amount of gross income is obligated to file a return. Failure to file a tax return could subject the noncomplying individual to criminal penalties, including fines and imprisonment, as well as civil penalties. In United States v. Tedder, 787 F.2d 540, 542 (10th Cir. 1986), the court clearly states, "although Treasury regulations establish voluntary compliance as the general method of income tax collection, Congress gave the Secretary of the Treasury the power to enforce the income tax laws through involuntary collection . . . . The IRS' efforts to obtain compliance with the tax laws are entirely proper."

resident his income was from outside the United States, stating "[he] attempts to argue an absurd proposition, essentially that the State of Illinois is not part of the United States.  His hope is that he will find some semantic technicality which will render him exempt from Federal income tax, which applies generally to all U.S. citizens and residents.  [His] arguments are no more than stale tax protester contentions long dismissed summarily by this Court and all other courts which have heard such contentions."

## 2.  Contention:  The "United States" consists only of the District of Columbia, federal territories, and federal enclaves.

Some argue that the United States consists only of the District of Columbia, federal territories (e.g., Puerto Rico, Guam, etc.), and federal enclaves (e.g., American Indian reservations, military bases, etc.) and does not include the "sovereign" states.  According to this argument, if a taxpayer does not live within the "United States," as so defined, he is not subject to the federal tax laws.

**The Law:**  The Internal Revenue Code imposes a federal income tax upon all United States citizens and residents, not just those who reside in the District of Columbia, federal territories, and federal enclaves.  In United States v. Collins, 920 F.2d 619, 629 (10th Cir. 1990), cert. denied, 500 U.S. 920 (1991), the court cited Brushaber v. Union Pac. R.R., 240 U.S. 1, 12-19 (1916), and noted the United States Supreme Court has recognized that the "sixteenth amendment authorizes a direct nonapportioned tax upon United States citizens throughout the nation, not just in federal enclaves."  This frivolous contention has been uniformly rejected by the courts.  Furthermore, the Internal Revenue Service issued Revenue Ruling 2006-18, 2006-15 I.R.B. 743, warning taxpayers of the consequences of making this frivolous argument.

In April 2006, a federal district court in California permanently barred Michael Muhammad (a.k.a., Michael Eugene Wall and Michael Muta Ali Muhammad) from preparing federal income tax returns for others, because he promoted a fraudulent tax scheme by preparing returns reporting no income based on the theory that only income earned in the District of Columbia and other federal territories need be reported.  See http://www.usdoj.gov/opa/pr/2006/April/06_tax_224.html; see also 2006 TNT 75-34 (Apr. 18, 2006).

In May 2005, a federal district judge sentenced Wayne C. Bentson to a four year prison term to be followed by three years of probation, as well as requiring Mr. Benson to pay restitution of over $1.1 million for falsely advising clients, among other things, that the internal revenue laws only applied to individuals residing in the Virgin Islands, Guam and Puerto Rico.  See http://www.usdoj.gov/opa/pr/2005/May/05_tax_275.htm; see also 2005 TNT 97-49 (May 18, 2005).

**Relevant Case Law:**

United States v. Cooper, 170 F.3d 691, 691 (7th Cir. 1999) – the court sanctioned defendant for filing of frivolous appeal wherein he argued, in pertinent part, that only residents of Washington, D.C. and other federal enclaves are subject to the federal tax laws because they alone are citizens of the United States.

United States v. Mundt, 29 F.3d 233, 237 (6th Cir. 1994) – the court rejected "patently frivolous" argument that defendant was not a resident of any "federal zone" and therefore not subject to federal income tax laws.

In re Becraft, 885 F.2d 547, 549-50 (9th Cir. 1989) – the court, observing Becraft's claim that federal laws apply only to United States territories and the District of Columbia "has no semblance of merit," and noting that this attorney had previously litigated cases in the federal appeals courts that had "no reasonable possibility of success," imposed monetary damages and expressed the hope "that this assessment will deter Becraft from asking this and other federal courts to expend more time and resources on patently frivolous legal positions."

United States v. Ward, 833 F.2d 1538, 1539 (11th Cir. 1987), cert. denied, 485 U.S. 1022 (1988) – the court rejected as a "twisted conclusion" the contention "that the United States has jurisdiction over only Washington, D.C., the federal enclaves within the states, and the territories and possessions of the United States," and affirmed a tax evasion conviction.

Barcroft v. Commissioner, T.C. Memo. 1997-5, 73 T.C.M. (CCH) 1666, 1667, appeal dismissed, 134 F.3d 369 (5th Cir. 1997) – noting that Barcroft's statements "contain protester-type contentions that have been rejected by the courts as groundless," the court sustained penalties for failure to file returns and failure to pay estimated income taxes.

## 3. Contention:  Taxpayer is not a "person" as defined by the Internal Revenue Code, thus is not subject to the federal income tax laws.

Some maintain that they are not a "person" as defined by the Internal Revenue Code, and thus not subject to the federal income tax laws.  This argument is based on a tortured misreading of the Code.

**The Law:**  The Internal Revenue Code clearly defines "person" and sets forth which persons are subject to federal taxes.  Section 7701(a)(14) defines "taxpayer" as any person subject to any internal revenue tax and section 7701(a)(1) defines "person" to include an individual, trust, estate, partnership, or corporation.  Arguments that an individual is not a "person" within the meaning of the Internal Revenue Code have been uniformly rejected.  A similar argument with respect to the term "individual" has also been rejected.

Exhibit I

EXP, TERMED

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:94-cv-02397-PGR

Freeman v. USA, et al
Assigned to: Judge Paul G Rosenblatt
Demand: $200,000
Case in other court: 97-15301
Cause: 46:1156 Administrative Procedure Act

Date Filed: 11/30/1994
Date Terminated: 12/18/1996
Jury Demand: Plaintiff
Nature of Suit: 900 Appeal of Fee
Determination
Jurisdiction: U.S. Government
Defendant

**Plaintiff**

**Clifford B Freeman**                 represented by   **Clifford B Freeman**
2020 E Teddy Ln
Apt 5
Phoenix, AZ 85022-5151
PRO SE

**David William West**
Law Office of David Wm West PC
9249 N Deer Trail Rd
Maricopa, AZ 85239-4917
(602)263-7891
*TERMINATED: 10/10/1995*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**United States of America**            represented by   **Janet Napolitano**
US Attorney's Office
2 Renaissance Sq
40 N Central
Ste 1200
Phoenix, AZ 85004-4408
(602)514-7500
*TERMINATED: 03/03/1933*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Donald Bartels**
ASU College of Law
College of Law
PO Box 877906

Tempe, AZ 85287-7906
480-965-7053
Fax: 480-965-2427
Email: robert.bartels@asu.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Land Management, Bureau of**                represented by    **Robert Donald Bartels**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Interior Land Appeals, Bureau of**          represented by    **Robert Donald Bartels**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**United States of America**                  represented by    **Janet Napolitano**
(See above for address)
*TERMINATED: 03/03/1933*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Robert Donald Bartels**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Land Management, Bureau of**                represented by    **Robert Donald Bartels**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**Interior Land Appeals, Bureau of**          represented by    **Robert Donald Bartels**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Counter Defendant**

**Clifford B Freeman**                        represented by    **Clifford B Freeman**
(See above for address)
PRO SE

**David William West**
(See above for address)
*TERMINATED: 10/10/1995*
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/1994 | 1 | COMPLAINT FILED (MAP) (Entered: 12/01/1994) |
| 12/09/1994 | 2 | MOTION for permanent injunction by pla Freeman [2-1] ; for temporary restraining order by pla Freeman [2-2] ; and for preliminary injunction by pla Freeman [2-3] (APJ) (Entered: 12/09/1994) |
| 12/12/1994 | 3 | MINUTE ENTRY Judge Inits: PGR Crt Rptr: B.MCNUTT denying motion for permanent injunction by pla Freeman [2-1], denying motion for temporary restraining order by pla Freeman [2-2], denying motion for preliminary injunction by pla Freeman [2-3] [3-1] (MI) (Entered: 12/12/1994) |
| 12/12/1994 | 4 | RESPONSE by all dfts to motion for temporary restraining order [2-2] and for preliminary injunction [2-3] by pla Freeman (APJ) (Entered: 12/13/1994) |
| 12/15/1994 | 5 | ORDER by Judge Rosenblatt that case is designated expedited track. FO pla has 45 days after dft answers to file motions. See 2-pg order for details. (cc: all counsel) re: order [5-1] (APJ) (Entered: 12/15/1994) |
| 01/19/1995 | 6 | RETURN OF SERVICE EXECUTED of summons and complaint upon dft USA on 12/8/94 by service upon US Attorney AZ (APJ) (Entered: 01/20/1995) |
| 01/25/1995 | 8 | ATTORNEY APPEARANCE for pla Clifford B Freeman by David William West (APJ) (Entered: 01/26/1995) |
| 01/26/1995 | 7 | NOTICE of filing administrative record by all dfts (APJ) (Entered: 01/26/1995) |
| 01/26/1995 | 9 | ANSWER AND COUNTERCLAIM by dfts USA, BLM and Bureau Land Appeals against pla Clifford B Freeman (APJ) (Entered: 01/30/1995) |
| 02/21/1995 | 10 | REPLY TO COUNTERCLAIM by counter-defendant Clifford B Freeman (MAP) (Entered: 02/22/1995) |
| 03/13/1995 | 11 | MOTION for partial summary judgment review of administrative decision by pla Freeman [11-1] (APJ) (Entered: 03/13/1995) |
| 03/13/1995 | 12 | STATEMENT OF FACTS by pla Freeman re motion for partial summary judgment review of administrative decision by pla Freeman [11-1] (APJ) (Entered: 03/13/1995) |

| 03/13/1995 | 13 | NOTICE OF HEARING by pla Freeman setting motion for partial summary judgment re review of administrative decision by pla Freeman [11-1] at 1:30 7/10/95 (APJ) (Entered: 03/13/1995) |
| 04/12/1995 | 14 | RESPONSE to pla's motion for partial summary jdugment [11-1] by all dfts and CROSS-MOTION for partial summary judgment re claims alleged in pla's complaint and dfts' 1st counterclaim by all dfts [14-1] (APJ) (Entered: 04/15/1995) |
| 04/12/1995 | 15 | STATEMENT OF FACTS by all dfts in oppositon to pla's motion for partial summary judgment [11] and in support of their x-motion for partial summary judgment [14] (APJ) (Entered: 04/15/1995) |
| 04/27/1995 | 16 | STIPULATION re briefing schedule on motions for partial summary judgment [14-1] [11-1] by all parties (APJ) (Entered: 04/28/1995) |
| 04/28/1995 | 17 | ORDER by Judge Rosenblatt granting stipulation [16] that pla has until 05-19-95 to file combined reply/response to motion for partial summary judgment. Dfts have until 06-12-95 to reply. (cc: all counsel) (APJ) (Entered: 04/28/1995) |
| 05/19/1995 | 18 | REPLY by pla to response to motion for partial summary judgment review of administrative decision by pla Freeman [11-1]: and response to dfts cross motion for summary judgment (SRB) (Entered: 05/22/1995) |
| 05/19/1995 | 19 | RESPONSE by pla to statement of facts re dfts cross motion for summary judgment [15-1] (SRB) (Entered: 05/22/1995) |
| 06/12/1995 | 20 | REPLY by all dfts to response to statement of facts re motion for partial summary judgment re claims alleged in pla's complaint and dfts' 1st counterclaim by all dfts [14-1] (APJ) (Entered: 06/15/1995) |
| 06/12/1995 | 21 | REPLY by all dfts to pla's response to dfts' statement of facts re x-motion for partial summary judgment [19-1] (APJ) (Entered: 06/15/1995) |
| 06/30/1995 | 22 | DEFENDANTS' EXHIBIT F (declaration of Byard L. Kershaw) (Re: [15-1], (Re: [14-1] (REW) (Entered: 07/03/1995) |
| 07/10/1995 | 23 | MINUTE ENTRY Judge Inits: PGR Crt Rptr: B.MCNUTT granting motion for partial summary judgment re claims alleged in pla's complaint and dfts' 1st counterclaim by all dfts [14-1], denying motion for partial summary judgment review of administrative decision by pla Freeman [11-1] Preliminary scheduling conference set for 1:30 8/14/95 [23-2] (MI) (Entered: 07/10/1995) |
| 07/12/1995 | 24 | ORDER by Judge Paul G. Rosenblatt setting scheduling conference; parties directed to meet at least 14 days before the scheduling conference to confer; parties shall file with the court nlt 8/7/95 a joint case management report as set forth in order ; prel scheduling conf set for 1:30 8/14/95 (cc: all counsel) (REW) (Entered: 07/12/1995) |
| 08/07/1995 | 25 | JOINT CASE MANAGEMENT REPORT by all parties (APJ) (Entered: 08/09/1995) |
|  |  |  |

| 08/07/1995 | 26 | STIPULATION re Rule 26(a)(1) disclosures by all parties (APJ) (Entered: 08/09/1995) |
|---|---|---|
| 08/14/1995 | 27 | MINUTE ENTRY Judge Inits: PGR Crt Rptr: B.MCNUTT ; prel scheduling conf held. Court will enter its scheduling order. Pltf may have 60 days to file a mtn to amend complaint alleging unfair competition claim. [27-2] (MI) (Entered: 08/14/1995) |
| 08/15/1995 | 28 | ORDER by Judge Rosenblatt granting stipulation [26] re Rule 26(a)(1) disclosures (cc: all counsel) (APJ) (Entered: 08/15/1995) |
| 08/28/1995 | 29 | SCHEDULING ORDER by Judge Rosenblatt: discovery due 11/28/95; dispositive motions due 12/15/95; joint letter re status of settlement discussions is due 1/13/96; joint pretrial statement due 1/13/96; Pretrial conference set for 3:30 2/12/96 (cc: all counsel) (APJ) (Entered: 08/28/1995) |
| 09/20/1995 | 30 | MOTION to withdraw as counsel for pla by David West [30-1] (APJ) (Entered: 09/23/1995) |
| 10/04/1995 | 31 | NOTICE by pla Clifford B Freeman of service of 1st set of intrrgs and 1st set of req for production (MAP) (Entered: 10/05/1995) |
| 10/10/1995 | 32 | ORDER by Judge Rosenblatt granting motion to withdraw as counsel for pla by David West [30-1] (cc: all counsel) (APJ) (Entered: 10/10/1995) |
| 10/10/1995 | 33 | NOTICE by all dfts of service of list of non-expert and expert witnesses (APJ) (Entered: 10/12/1995) |
| 10/11/1995 | 34 | NOTICE by pla of delivery of non-expert witness list to dft (APJ) (Entered: 10/13/1995) |
| 10/16/1995 | 35 | MOTION to extend time for process by pla [35-1] as pltf's atty w/drew-- needs new counsel. (former emp) (Entered: 10/24/1995) |
| 10/16/1995 | | LODGED: First A/C (no leave of court given--law clerk called (RC)) (former emp) (Entered: 10/24/1995) |
| 10/18/1995 | 36 | RESPONSE by dfts to motion to extend time for process by pla [35-1] (former emp) (Entered: 10/24/1995) |
| 10/26/1995 | 37 | ANSWER by dfts to First A/C for damages (1st A/C has not been filed-- it was lodged.). (former emp) (Entered: 11/01/1995) |
| 11/01/1995 | 38 | ORDER by Judge Paul G. Rosenblatt: Pltf's 1st A/C for damages submitted on 10/16/95 is stricken from the rcrd. FO granting to the extent that the scheduling ord entered on 8/28/95 [29] is modified as follows: mtns to amend pldgs s/b filed by 12/15/95; discovery ddl set for 1/26/96; dispositive motions due 2/16/96; the joint pretrial stmt s/b filed by 3/11/96 and the Pretrial conference is reset for 3:00 4/8/96. The remaining portions of the scheduling order shall remain in effect as written. (cc: all counsel) (former emp) (Entered: 11/01/1995) |
| 12/11/1995 | 39 | MOTION to amend complaint by pla Clifford B Freeman [39-1] (doc lodged at Clk's desk) (MAP) (Entered: 12/13/1995) |

| | | |
|---|---|---|
| 12/15/1995 | 40 | CERTIFICATE of service (serving mtn for lv to amend upon dft), filed by pla (former emp) (Entered: 12/21/1995) |
| 12/22/1995 | 41 | MOTION for extension of time w/in which to respond to pltf's req for leave to amend complaint by dfts [41-1] (former emp) (Entered: 12/22/1995) |
| 01/04/1996 | 42 | ORDER by Judge Paul G. Rosenblatt granting motion for extension of time w/in which to respond to pltf's req for leave to amend complaint by dfts [41-1]. Dft's time to respond to pltf's req for lv to amend is extended through 1/5/96. (cc: all counsel) (former emp) (Entered: 01/04/1996) |
| 01/04/1996 | 43 | RESPONSE by dfts to motion to amend complaint by pla Clifford B Freeman [39-1] (former emp) (Entered: 01/08/1996) |
| 02/16/1996 | 44 | MOTION for summary judgment by dfts [44-1] (former emp) (Entered: 02/23/1996) |
| 02/16/1996 | 45 | STATEMENT OF UNDISPUTED FACTS in support of dfts' motion for summary judgment [44-1] (former emp) (Entered: 02/23/1996) |
| 02/20/1996 | 46 | DFTS' NOTICE OF HEARING setting their motion for summary judgment [44-1] at 1:30 7/22/96 (former emp) (Entered: 02/24/1996) |
| 02/28/1996 | 47 | MOTION to extend time for filing of the Joint Pretrial Stmt by dfts [47-1] (former emp) (Entered: 03/04/1996) |
| 03/08/1996 | 48 | ORDER (PGR): Granting motion to extend time for filing of the Joint Pretrial Stmt by dfts [47-1]. The 3/11/96 ddl for the filing of a joint pretrial stmt is VACATED. (cc: all counsel) (former emp) (Entered: 03/08/1996) |
| 03/28/1996 | 49 | MINUTE ORDER Pretrial conference set 4/8/96 is vacated, to be reset, if necessary, after the resolution of the pending summary judgment motion. (cc: all counsel) [49-2] (MI) (Entered: 03/28/1996) |
| 04/08/1996 | 50 | MOTION for leave to file out of time reply to dft's response on mtn for leave to amend by pla [50-1] (former emp) (Entered: 04/09/1996) |
| 04/08/1996 | 51 | MOTION to strike dfts mtn for s/j and second counterclaim by pla [51-1] (former emp) (Entered: 04/09/1996) |
| 04/08/1996 | 52 | MOTION to vacate scheduling order by pla [52-1] (former emp) (Entered: 04/09/1996) |
| 04/08/1996 | 53 | RESPONSE by pla to motion for summary judgment by dfts [44-1] (former emp) (Entered: 04/09/1996) |
| 04/22/1996 | 54 | RESPONSE by dfts to motion for leave to file out of time reply to dft's response on mtn for leave to amend by pla [50-1] (former emp) (Entered: 05/03/1996) |
| 04/22/1996 | 55 | RESPONSE by dft to motion to strike dfts mtn for s/j and second counterclaim by pla [51-1] (former emp) (Entered: 05/03/1996) |
| | | |

| 04/22/1996 | 56 | RESPONSE by dft to motion to vacate scheduling order by pla [52-1] (former emp) (Entered: 05/03/1996) |
|---|---|---|
| 04/23/1996 | 57 | REPLY by dfts in support of its motion for summary judgment [44-1] (former emp) (Entered: 05/03/1996) |
| 04/23/1996 | 58 | EXHIBIT 5 in support of mtn for s/j [44-1] by USA (former emp) (Entered: 05/03/1996) |
| 06/28/1996 | 60 | NOTICE by pla of submitting afdvt of Clifford B. Freeman and Jimmy C. Chisum w/exhibits. (former emp) (Entered: 07/17/1996) |
| 07/09/1996 | 61 | RESPONSE by dft to notice [60-1] (former emp) (Entered: 07/30/1996) |
| 07/15/1996 | 59 | MINUTE ORDER Hearing on motion for summary judgment by dfts [44-1] set 7/22/96 is vacated and is reset at 1:30 8/12/96 (cc: all counsel) [59-1] (MI) (Entered: 07/15/1996) |
| 08/06/1996 | 62 | MINUTE ORDER At request of plaintiff pro per Freeman, hearing on motion for summary judgment by dfts [44-1] set 8/12/96 is vacated and reset at 1:30 8/26/96. (cc: all counsel) [62-1] (MI) (Entered: 08/06/1996) |
| 08/06/1996 | 63 | MOTION to vacate and reset scheduled hearing by pla [63-1] (former emp) (Entered: 08/13/1996) |
| 08/26/1996 | 64 | MINUTE ENTRY Judge Inits: PGR Crt Rptr: B.MCNUTT Hearing held taking under advisement on 8/26/96 the motion for summary judgment by dfts [44-1] and the motion to amend complaint by pla Clifford B Freeman [39-1] [64-1] (MI) (Entered: 08/26/1996) |
| 08/30/1996 | 65 | ORDER by Judge Paul G. Rosenblatt granting motion for summary judgment by dfts [44-1] to the following extent (see order); denying motion for lv to amend complaint by pla Clifford B Freeman [39-1], granting mtn for leave to file out of time reply to dft's response on for leave to amend by pla [50-1]; denying motion to strike dfts mtn for s/j and second counterclaim by pla [51-1], granting motion to vacate scheduling order by pla [52-1] to the extent that all remaining portions of the sched order [29] entered on 8/28/95 are vacated in their entirety. Status hearing set for 1:30 12/9/96 to inform the Crt as to the status of compliance w/this Ord and the dfts' intentions re the unresolved issue of the damages prayed for in their 1st cntrclm. (cc: all counsel) (former emp) (Entered: 08/30/1996) |
| 08/30/1996 | 66 | REPLY by pla to motion for leave to file out of time reply to dft's response on mtn for leave to amend by pla [50-1] (former emp) (Entered: 08/30/1996) |
| 09/24/1996 | 67 | Waiver of certain demands for relief and MOTION for issuance of order re dfts' first counterclaim by dfts [67-1] (former emp) (Entered: 09/25/1996) |
| 09/24/1996 | 68 | NOTICE by dfts of lodging of proposed order re their first counterclaim. (former emp) (Entered: 09/25/1996) |
| | | |

| 11/15/1996 | 69 | Amicus Curiae BRIEF in support pla by Jimmy C Chisum (former emp) (Entered: 11/19/1996) |
| 12/05/1996 | 70 | MOTION to extend time to 1/31/97 to complete the work and to allow the Sand and Gravel business to continue to help find the cleanup by pla [70-1] (former emp) (Entered: 12/09/1996) |
| 12/05/1996 | 71 | OPPOSITION (RESPONSE) by pla to motion for issuance of order re dfts' first counterclaim by dfts [67-1] (former emp) (Entered: 12/09/1996) |
| 12/09/1996 | 72 | MINUTE ENTRY Judge Inits: PGR Crt Rptr: B.MCNUTT Status hearing held. The Court will enter an Order. [72-2] (MI) (Entered: 12/09/1996) |
| 12/18/1996 | 73 | ORDER by Judge Paul G. Rosenblatt granting motion to extend time to 1/31/97 to complete the work and to allow the Sand and Gravel business to continue to help find the cleanup by pla [70-1], granting motion for issuance of order re dfts' first counterclaim by dfts [67-1]. Pltf's mtn for p/s/j [11] is DENIED; dfts' cross-mtn for p/s/j [14] is GRANTED. Pltf, his agents, employees, successors, and all persons . . . permanently enjoined from removing or selling any common variety minerals, including but not limited to sand, gravel . . .after 1/31/97. Clr/Crt to enter final jgm accordingly. terminating case (cc: all counsel) (former emp) (Entered: 12/18/1996) |
| 12/18/1996 | 74 | JUDGMENT: Pltf, Clifford B Freeman, his agents employees, successors, and all persons in active concert and participation with him, are permanently enjoined from removing or selling any common variety minerals . . . . after 1/31/97 unless and until the pltf and the USDOI, BLM enter into a material sales contract purs to the Materials Act . . . (cc: All Cnsl) (former emp) (Entered: 12/18/1996) |
| 01/31/1997 | 75 | MOTION to proceed in forma pauperis by pla Clifford B Freeman [75-1] (former emp) (Entered: 02/03/1997) |
| 01/31/1997 | 76 | AFFIDAVIT of Clifford Freeman in support of motion to proceed in forma pauperis by pla Clifford B Freeman [75-1] [75-1] (former emp) (Entered: 02/03/1997) |
| 01/31/1997 | 77 | NOTICE OF APPEAL by pla Clifford B Freeman from District Court judgment [74-1] and order [73-2] (cc: 9CCA/All Counsel/PGR) (former emp) (Entered: 02/03/1997) |
| 02/03/1997 | 78 | ORDER by Judge Paul G. Rosenblatt: that the pla's motion to proceed in forma pauperis filed 1/31/97 construed as a motion for leave to appeal in forma pauperis is GRANTED [75-1] (cc: all counsel) (former emp) (Entered: 02/03/1997) |
| 02/17/1997 | 79 | NOTICE OF APPEAL by pla Clifford B Freeman from District Court judgment [74-1], order [73-2] (cc: 9CCA/All Counsel/PGR) (former emp) (Entered: 02/19/1997) |
| 02/19/1997 | 80 | MOTION for trancript paid by Government by pla Clifford B Freeman [80-1] (former emp) (Entered: 02/20/1997) |

| | | |
|---|---|---|
| 02/19/1997 | 81 | CERTIFICATE of service of pla's notice of appeal on USA by pla Clifford B Freeman (former emp) (Entered: 02/20/1997) |
| 02/26/1997 | 82 | OPPOSITION (RESPONSE) by dfts to motion for trancript paid by Government by pla Clifford B Freeman [80-1] (former emp) (Entered: 02/26/1997) |
| 02/26/1997 | 83 | Transcript Designation and Ordering Form (former emp) (Entered: 02/26/1997) |
| 03/05/1997 | | Notification by 9CCA of Appellate Docket Number 97-15301 (former emp) (Entered: 03/05/1997) |
| 06/04/1997 | 84 | MINUTE ORDER IT IS ORDERED that plaintiff's motion for trancript paid by Government [80-1] is denided without prejudice due to the plaintiff's failure to either specify what transcripts he is referring to or state why such transcripts are necessary for his appeal. (cc: all counsel) [84] (cc: 9CCA/KS 11/12/97) (MI) Modified on 11/12/1997 (Entered: 06/04/1997) |
| 11/12/1997 | | REMARK; per 9CCA, appeals filed 1/31/97 (#77) and 2/17/97 (#79); treated as one appeal, re: 97-15301 (REW) (Entered: 11/12/1997) |
| 11/12/1997 | | Clerk's record on appeal transmitted to 9CCA; 2 volumes clerk's record; 2 bulkie documents (#7, 45) in one expando (REW) (Entered: 11/12/1997) |
| 01/12/1998 | | LETTER OF TRANSMITTAL from 9CCA, Acknowledging receipt of DC record. (REW) (Entered: 01/12/1998) |
| 10/01/1998 | 85 | CERTIFIED COPY of 9CCA Mandate affirming the decision of the District Court, re: 97-15301 (cc: all counsel/PGR) (REW) (Entered: 10/01/1998) |
| 10/04/1999 | 86 | MOTION for reconsideration of jgm by pla [86-1] (former emp) (Entered: 10/07/1999) |
| 10/12/1999 | 87 | RESPONSE by dfts to pla's "petition for writ of error by the natural right of the people housed in the common law." (former emp) (Entered: 10/13/1999) |
| 10/12/1999 | 88 | MOTION for enforcement of orders and judgment by dfts [88-1] (former emp) (Entered: 10/13/1999) |
| 10/12/1999 | 89 | EXHIBITS in support of mtn for enforcement of orders and judgment [88-1] (former emp) (Entered: 10/13/1999) |
| 12/01/1999 | 90 | MOTION to transfer related case under Local Rule 1.2(g)(1) re CIV 99-2083-PHX-ROS by dft [90-1] (former emp) (Entered: 12/02/1999) |
| 01/03/2000 | 91 | MOTION for leave to file late response to mtn for enforcement of order and judgment (lodged response at deputy clerk's desk) by pla [91-1] (former emp) (Entered: 01/04/2000) |
| 01/05/2000 | 92 | ORDER by Judge Paul G. Rosenblatt granting motion for leave to file |

| | | |
|---|---|---|
| | | late response to mtn for enforcement of order and judgment by pla [91-1] (cc: all counsel) (former emp) (Entered: 01/05/2000) |
| 01/05/2000 | 93 | RESPONSE by pla to motion for enforcement of orders and judgment by dfts [88-1] (former emp) (Entered: 01/05/2000) |
| 01/14/2000 | 94 | ORDER by Judge Paul G. Rosenblatt granting motion to transfer related case under Local Rule 1.2(g)(1) re CIV 99-2083-PHX-EHC by dft [90-1] - all future documents filed in the transferred case shall bear the complete caption number: CIV-99-2083-PHX-PGR (cc: all counsel,ehc) (CMM) (Entered: 01/14/2000) |
| 01/25/2000 | | REMARK; request for file to be returned sent to Ninth Circuit (REW) (Entered: 01/25/2000) |
| 02/15/2000 | | Original Record Received from 9CCA re [79-1], [77-1] 2 volumes orig file; 2 bulky doc(s) (#7, 45) in one expando (REW) (Entered: 02/15/2000) |
| 04/10/2000 | 95 | MOTION to consolidate CV 94-2397 PHX-PGR and CV 99-2083 PHX-PGR for purposes of evideniary hearing by dft USA [95-1] (former emp) (Entered: 04/10/2000) |
| 04/10/2000 | 96 | MINUTE ENTRY before Judge Paul G. Rosenblatt Crt Rptr: Vicki Reger Hearing held, IT IS ORDERED granting motion to consolidate CV 94-2397 PHX-PGR and CV 99-2083 PHX-PGR for purposes of evideniary hearing by dft USA [95-1],and denying motion for reconsideration of jgm by pla [86-1], Court order to follow on the denial of the Motion for Reconsideration. IT IS FURTHER ORDERED setting an evidentiary hearing for 8/1/00 at 9:30 a.m. [cc: all parties] [96-2] (TCA) (Entered: 04/11/2000) |
| 04/19/2000 | 97 | ORDER by Judge Paul G. Rosenblatt denying motion for enforcement of orders and judgment by dfts [88-1] (cc: all counsel) (NOTE: This order referred to mtn #86 and not 88.)(former emp) Modified on 03/14/2001 (Entered: 04/19/2000) |
| 08/01/2000 | 98 | MINUTE ENTRY before Judge Paul G. Rosenblatt Crt Rptr: Bill McNutt Robert D. Bartels for pla, Clifford Freeman and Jimmy Chisum pro per. Evidentiary Hearing held. Plas Exhibits 1 through 49 admitted into evidence. Dfts Exhibits 101 through 106 admitted into evidence. The following witnesses are sworn and examined: Cindy Lu Mayo, Elizabeth V. Logan, John R. Wilson, Alvin L. Burch, V. Jeffrie Garrett, Clifford B. Freeman and Jimmy Chisum. The matter is taken under advisement. The following deadlines are set: Pla Findings of Fact and Conclusions of Law due 09/05/00; Dft Response due 10/05/00; Pla Reply due two weeks after Response is filed. [98-2] (TLB) (Entered: 08/02/2000) |
| 08/01/2000 | 99 | WITNESS LIST (former emp) (Entered: 08/03/2000) |
| 08/01/2000 | 100 | EXHIBIT LIST submitted by Clifford B Freeman (former emp) (Entered: 08/03/2000) |
| 08/01/2000 | 101 | EXHIBIT LIST submitted by pla (former emp) (Entered: 08/03/2000) |

| 08/30/2000 | 102 | RESPONSE by pla to dfts' mtn to disimss for lack of jurisdiction (former emp) (Entered: 09/01/2000) |
| 09/05/2000 | 103 | RESPONSE by dfts to Freeman & Chisum mtn to dismiss for failure to name or serve an essential party (former emp) (Entered: 09/07/2000) |
| 09/05/2000 | 104 | POST-HEARING MEMORANDUM by dfts (former emp) (Entered: 09/07/2000) |
| 09/05/2000 | 105 | PROPOSED EXHIBIT 50 (former emp) (Entered: 09/07/2000) |
| 10/19/2000 | 106 | POST-HEARING REPLY by USA (former emp) (Entered: 10/23/2000) |
| 03/14/2001 | 107 | ORDER by Judge Paul G. Rosenblatt: DENYING motion for enforcement of orders and judgment by dfts [88-1]. (cc: all counsel) (former emp) (Entered: 03/14/2001) |

| PACER Service Center | | |
|---|---|---|
| Transaction Receipt | | |
| 05/24/2007 09:42:56 | | |
| PACER Login: | ux3047 | Client Code: | |
| Description: | Docket Report | Search Criteria: | 2:94-cv-02397-PGR |
| Billable Pages: | 6 | Cost: | 0.48 |

STD, TERMED

# U.S. District Court
## DISTRICT OF ARIZONA (Phoenix Division)
## CIVIL DOCKET FOR CASE #: 2:99-cv-02083-PGR

USA v. Freeman, et al
Assigned to: Judge Paul G Rosenblatt
Demand: $0
Cause: 33:1365 Environmental Matters

Date Filed: 11/26/1999
Date Terminated: 09/28/2004
Jury Demand: None
Nature of Suit: 893 Environmental
Matters
Jurisdiction: U.S. Government Plaintiff

**Plaintiff**

**United States of America**                represented by   **Robert Donald Bartels**
ASU College of Law
College of Law
PO Box 877906
Tempe, AZ 85287-7906
480-965-7053
Fax: 480-965-2427
Email: robert.bartels@asu.edu
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Clifford B Freeman**                      represented by   **Clifford B Freeman**
2020 E Teddy Ln
Apt 5
Phoenix, AZ 85022-5151
PRO SE

**Intervenor**

**Jimmy C Chisum**                          represented by   **Jimmy C Chisum**
*TERMINATED: 10/10/2002*                                     84388-008
FPC-La Tuna
Satellite Camp
Box 8000
Anthony, TX 88021
465-7845
PRO SE

| Date Filed | # | Docket Text |
|---|---|---|
| 11/26/1999 | 1 | COMPLAINT FILED (MAP) (Entered: 11/29/1999) |

| | | |
|---|---|---|
| 11/26/1999 | 3 | Party elects assignment of case to district judge (MAP) (Entered: 11/30/1999) |
| 11/30/1999 | 2 | ORDER by Mag Judge Virginia A. Mathis Case reassigned by random draw to Judge Roslyn O. Silver All future pleadins should now list the following complete case number: CIV-99-2083-PHX-ROS (cc: all counsel/ROS) (MAP) (Entered: 11/30/1999) |
| 11/30/1999 | | UTILITY EVENT mag election form ddl satisfied 11/30/99 (MAP) (Entered: 11/30/1999) |
| 12/01/1999 | 4 | NOTICE by pla USA of filing motion to transfer related case under Local Rule 1.2(g)(1) (LAD) (Entered: 12/06/1999) |
| 12/01/1999 | 4 | MOTION to transfer related case under Local Rule 1.2(g)(1) (to Judge Rosenblatt) by pla USA [4-1] (LAD) (Entered: 12/06/1999) |
| 12/01/1999 | 5 | NOTICE by pla USA of lodging order in related case (LAD) (Entered: 12/06/1999) |
| 12/02/1999 | 7 | RETURN OF SERVICE EXECUTED 12/2/99 upon dft Clifford B Freeman by service upon Sharon Freeman-Saewert, daughter, on 12/2/99 (LAD) (Entered: 12/13/1999) |
| 12/09/1999 | 6 | ORDER by Judge Roslyn O. Silver Case reassigned to Judge Earl H. Carroll (cc: all counsel/EHC) (LAD) (Entered: 12/09/1999) |
| 01/03/2000 | 8 | MOTION for leave to file late answer by dft [8-1] (lodged answer at docket clerk's desk) (DMT) (Entered: 01/04/2000) |
| 01/12/2000 | 9 | ORDER by Judge Earl H. Carroll granting motion for leave to file late answer by dft [8-1] (lodged answer at docket clerk's desk) (cc: all counsel) (LAD) (Entered: 01/12/2000) |
| 01/12/2000 | 10 | ANSWER by dft Clifford B Freeman (OK to file per order #9 1/12/00) (LAD) (Entered: 01/12/2000) |
| 01/14/2000 | 11 | CERTIFIED COPY OF ORDER by Judge Paul G. Rosenblatt in CIV-94-2397-PHX-PGR This case has been reassigned to Judge Paul G. Rosenblatt - all future documents filed in this transfered case shall bear the complete caption number: CIV-99-2083-PHX-PGR (cc: all counsel,ehc) (CMM) (Entered: 01/14/2000) |
| 01/27/2000 | 12 | ORDER by Judge Paul G. Rosenblatt scheduling conf set for 1:30 3/13/00 , before Judge Paul G. Rosenblatt (cc: all counsel) (LAD) (Entered: 01/27/2000) |
| 02/09/2000 | 13 | MOTION to dismiss case by dft [13-1] (DMT) (Entered: 02/09/2000) |
| 02/22/2000 | 14 | RESPONSE by pla to motion to dismiss case by dft [13-1] (DMT) (Entered: 02/24/2000) |
| 02/28/2000 | 15 | JOINT PRETRIAL SCHEDULE Discovery cutoff 5/22/00 Motion filing ddl is 6/5/00 joint pretrial statement by 6/19/00 (DMT) (Entered: 02/28/2000) |

| 02/28/2000 | 16 | MOTION for approval of extension of timei to 4/17/00 by pla to file initial disclosures [16-1] (DMT) (Entered: 02/28/2000) |
| 03/07/2000 | 17 | ORDER by Judge Paul G. Rosenblatt granting motion for approval of extension of time to 4/17/00 by parties to file initial disclosures [16-1] (cc: all counsel) (DMT) (Entered: 03/07/2000) |
| 03/08/2000 | 18 | MINUTE ORDER-IT IS ORDERED that the scheduling conference set for 3/13/00 is vacated and is reset to Monday, 4/10/00 at 1:30 p.m. in Courtroom No. 1 (cc: all counsel) [18-2] (TCA) (Entered: 03/08/2000) |
| 03/09/2000 | 19 | REPLY by dft Clifford B Freeman to response to motion to dismiss case by dft [13-1] (former emp) (Entered: 03/14/2000) |
| 04/04/2000 | 20 | MOTION to consolidate cases for purposes of evidentiary hearing by pla USA [20-1] (with CIV 94-2397 PHX PGR) (LAD) (Entered: 04/07/2000) |
| 04/10/2000 | 21 | MINUTE ENTRY before Judge Paul G. Rosenblatt Crt Rptr: Vicki Reger A scheduling conference was held. The Court will enter its scheduling order. IT IS FURTHER ORDERED granting motion to consolidate cases for purposes of evidentiary hearing by pla USA [20-1] (with CIV 94-2397 PHX PGR) IT IS FURTHER ORDERED setting an evidentiary hearing for 8/1/00 at 9:30 a.m. [cc: all parties] (TCA) (Entered: 04/11/2000) |
| 04/10/2000 | 22 | NOTICE by pla USA of service of pla's non-expert witness list (LAD) (Entered: 04/13/2000) |
| 04/13/2000 | 23 | SCHEDULING ORDER by Judge Paul G. Rosenblatt ; discovery due 5/22/00 ; dispositive motions due 6/5/00 ; pretrial order due 6/19/00 ; Pretrial conference set for 3:00 7/10/00 (cc: all counsel) (LAD) (Entered: 04/13/2000) |
| 04/14/2000 | 24 | NON-EXPERT WITNESS LIST by dft Clifford B Freeman (LAD) (Entered: 04/17/2000) |
| 04/14/2000 | 25 | MOTION for leave to file 1st amended answer with addition of essential party, jury demand and counter-claims by dft Clifford B Freeman [25-1] (proposed 1st amended answer lodged at docket clerk's desk) (lodged 1st amended answer sent to left of file 6/15/00) (LAD) Modified on 06/15/2000 (Entered: 04/17/2000) |
| 04/14/2000 | 26 | NOTICE by dft Clifford B Freeman of service of non-expert witness list (LAD) (Entered: 04/17/2000) |
| 04/18/2000 | 27 | NON-EXPERT WITNESS LIST by dft Clifford B Freeman (LAD) (Entered: 04/18/2000) |
| 04/18/2000 | 28 | NOTICE by dft Clifford B Freeman of service of non-expert witness list (LAD) (Entered: 04/18/2000) |
| 04/18/2000 | 29 | NOTICE of compliance of initial disclosure statement pursuant to FRCivP 26(a) by pla USA (LAD) (Entered: 04/20/2000) |
| 04/25/2000 | 30 | MOTION to extend time to respond to dfts mtn for leave to amend |

| | | |
|---|---|---|
| | | answer by pla USA [30-1] (former emp) (Entered: 04/25/2000) |
| 04/25/2000 | 31 | NOTICE of service of plas expert disclosures pursuant to FRCivP 26(a) by pla USA (former emp) (Entered: 04/25/2000) |
| 04/26/2000 | 32 | ORDER by Judge Paul G. Rosenblatt granting motion to extend time to respond to dfts mtn for leave to amend answer until 5/12/00 by pla USA [30-1] (cc: all counsel) (former emp) (Entered: 04/26/2000) |
| 05/12/2000 | 33 | RESPONSE by pla USA to motion for leave to file 1st amended answer with addition of essential party, jury demand and counter-claims by dft Clifford B Freeman [25-1] (proposed 1st amended answer lodged at docket clerk's desk) (LAD) (Entered: 05/15/2000) |
| 05/22/2000 | 34 | NOTICE of compliance of 1st supplemental expert disclosure statement pursuant to FRCivP 26(a) by pla USA (LAD) (Entered: 05/23/2000) |
| 05/24/2000 | 35 | NOTICE of compliance of 2nd supplemental (expert) disclosure statement pursuant to FRCivP 26(a) by pla USA (LAD) (Entered: 05/30/2000) |
| 06/05/2000 | 36 | MOTION for permanent injunction by pla USA [36-1] (LAD) (Entered: 06/07/2000) |
| 06/08/2000 | 37 | CORRECTED MOTION for permanent injunction by pla USA [37-1] (LAD) (Entered: 06/13/2000) |
| 06/19/2000 | 38 | JOINT PRETRIAL STATEMENT by pla USA, dft Clifford B Freeman, proposed intervenor Jimmy C Chisum (LAD) (Entered: 06/20/2000) |
| 07/05/2000 | 39 | ORDER by Judge Paul G. Rosenblatt denying motion to dismiss case by dft [13-1]; granting in part and denying in part the motion for leave to file 1st amended answer with addition of essential party, jury demand and counter-claims by dft Clifford B Freeman [25-1] (proposed 1st amended answer lodged at docket desk) (lodged 1st amended answer sent to left of file 6/15/00); it is granted to the extent that Jimmy C Chism is permitted to intervene as a dft... and that dfts are granted leave to file no later than 7/21/00 an amended answer that consists only of paragraphs 1-18 of the proposed 1st answer; the motion is denied in all other respects; FURTHER ORDERED that dfts may file, no later than 7/21/00, a 2nd motion seeking leave to file a 2nd amended answer that includes a counterclaim (cc: all counsel) (LAD) (Entered: 07/05/2000) |
| 07/10/2000 | 40 | MINUTE ENTRY before Judge Paul G. Rosenblatt Crt Rptr: Bill McNutt Appearances: Robert Bartels for pls, Clifford Freeman and Jimmy Chisum pro per A pretrial conference was held. The evidentiary hearing will proceed on 8/1/00 at 9:30 a.m. The plaintiffs will have 14 witnesses. [40-2] (TCA) (Entered: 07/11/2000) |
| 08/01/2000 | 41 | MINUTE ENTRY before Judge Paul G. Rosenblatt Crt Rptr: Bill McNutt Robert D. Bartels for pla, Clifford Freeman and Jimmy Chisum per per. Evidentiary Hearing held. Plas Exhibits 1 through 49 admitted into evidence. Dfts Exhibits 101 through 106 admitted into evidence. The following witnesses are sworn and examined: Cindy Lu Mayo, Elizabeth |

| | | V. Logan, John R. Wilson, Alvin L. Burch, V. Jeffrie Garrett, Clifford B. Freeman and Jimmy Chisum. The matter is taken under advisement. The following deadlines are set: Pla Findings of Fact and Conclusions of Law due 09/05/00; Dft Response due 10/05/00; Pla Reply due two weeks after Response is filed. [41-2] (TLB) (Entered: 08/02/2000) |
|---|---|---|
| 08/01/2000 | 42 | MOTION to dismiss case for failure to name or serve essential party by dft Clifford B Freeman, intervenor Jimmy Chisum [42-1] (LAD) (Entered: 08/02/2000) |
| 08/01/2000 | 43 | MOTION to dismiss for lack of subject matter jurisdiction for the administration and execution of orders by BLM (of entire case) by dft Clifford B Freeman, intervenor Jimmy C Chisum [43-1] (LAD) (Entered: 08/02/2000) |
| 08/01/2000 | 44 | EXHIBIT LIST submitted by dft Clifford B Freeman, intervenor Jimmy C Chisum (LAD) (Entered: 08/03/2000) |
| 08/01/2000 | 45 | WITNESS LIST by dft Clifford B Freeman, intervenor Jimmy C Chisum (LAD) (Entered: 08/03/2000) |
| 08/01/2000 | 46 | EXHIBIT LIST submitted by pla USA (LAD) (Entered: 08/03/2000) |
| 08/09/2000 | 47 | MOTION for extension of time to respond to motion to dismiss for failure to name or serve an essential party by pla USA [47-1] (proposed response not provided) (LAD) (Entered: 08/11/2000) |
| 08/14/2000 | 48 | ORDER by Judge Paul G. Rosenblatt granting motion for extension of time to respond to motion to dismiss for failure to name or serve an essential party by pla USA [47-1] (proposed response not provided); ORDERED that the time for the filing of pla's response to motion to dismiss case for failure to name or serve essential party by dft Clifford B Freeman, intervenor Jimmy Chisum [42-1] is extended to 9/5/00 (cc: all counsel) (LAD) (Entered: 08/14/2000) |
| 08/30/2000 | 49 | RESPONSE by pla USA to motion to dismiss for lack of subject matter jurisdiction for the administration and execution of orders by BLM (of entire case) by dft Clifford B Freeman, intervenor Jimmy C Chisum [43-1] (LAD) (Entered: 08/30/2000) |
| 09/05/2000 | 50 | RESPONSE by pla USA to motion to dismiss case for failure to name or serve essential party by dft Clifford B Freeman, intervenor Jimmy Chisum [42-1] (former emp) (Entered: 09/06/2000) |
| 09/05/2000 | 51 | POST HEARING MEMORANDUM by pla USA (former emp) (Entered: 09/06/2000) |
| 09/05/2000 | 52 | United States' Proposed Exhibit 50 (former emp) (Entered: 09/06/2000) |
| 10/10/2000 | 53 | POST HEARING MEMORANDUM AND BRIEF IN RESPONSE by dft Clifford B Freeman, intervenor Jimmy C Chisum (LAD) (Entered: 10/13/2000) |
| 10/19/2000 | 54 | POST-HEARING REPLY by pla USA (LAD) (Entered: 10/20/2000) |

| 03/15/2001 | 55 | ORDER by Judge Paul G. Rosenblatt denying motion to dismiss for lack of subject matter jurisdiction for the administration and execution of orders by BLM (of entire case) by dft Clifford B Freeman, intervenor Jimmy C Chisum [43-1]; denying motion to dismiss case for failure to name or serve essential party by dft Clifford B Freeman, intervenor Jimmy Chisum [42-1]; denying without prejudice the motion for permanent injunction by pla USA [37-1]; written status report due 4/30/01 (cc: all counsel) (LAD) (Entered: 03/15/2001) |
| 03/15/2001 | 56 | Transcript Designation and Ordering Form by pla (of 8/1/00 evidentiary hearing) (LAD) (Entered: 03/16/2001) |
| 03/21/2001 | 57 | TRANSCRIPT of evidentiary hearing by Court Reporter: Bill McNutt for the following date(s): 8/1/00 (BULKY DOCUMENT) (LAD) (Entered: 03/22/2001) |
| 04/26/2001 | 58 | ORDER re exhibits by Judge Paul G. Rosenblatt (cc: all counsel) (distributed by TA of PGR) re: order [58-1] (LAD) (Entered: 04/27/2001) |
| 04/30/2001 | 59 | FIRST JOINT STATUS REPORT by pla USA, dft Clifford B Freeman, intervenor Jimmy C Chisum (TCA) (Entered: 07/11/2001) |
| 06/15/2001 | 60 | US' SECOND STATUS REPORT by pla USA (TCA) (Entered: 07/11/2001) |
| 07/11/2001 | 61 | MINUTE ORDER Having considered the United States' Second Status Report, filed 6/15/01, to which the defendants have failed to file any response, the Court accepts the United States' proposal for further proceedings. IT IS ORDERED that the parties shall jointly file a third status report no later than 9/21/01. IT IS FURTHER ORDERED that the joint status report shall be filed only in this action and not CV 94-2397 inasmuch as the two cases were not consolidated for all purposes and the latter case is now terminated. (cc: all counsel) [61-2] (TCA) (Entered: 07/11/2001) |
| 09/21/2001 | 62 | 3RD STATUS REPORT by pla USA (LAD) (Entered: 09/27/2001) |
| 11/16/2001 | 63 | 4TH STATUS REPORT by pla USA (LAD) (Entered: 11/17/2001) |
| 01/18/2002 | 64 | 5TH STATUS REPORT by pla USA (LAD) (Entered: 01/25/2002) |
| 01/18/2002 | 65 | NOTICE of service of discovery by pla USA . (LAD) (Entered: 01/25/2002) |
| 03/22/2002 | 66 | 6TH STATUS REPORT by pla USA (LAD) (Entered: 03/25/2002) |
| 03/22/2002 | 67 | MOTION to dismiss as to intervenor/dft Jimmy C Chisum (as he no longer has any interest in the action) by pla USA [67-1] (LAD) (Entered: 03/25/2002) |
| 05/24/2002 | 68 | 7TH STATUS REPORT by pla USA (LAD) (Entered: 05/28/2002) |
| 07/03/2002 | 69 | Eighth STATUS REPORT by pla USA (former emp) (Entered: 07/05/2002) |

| | | |
|---|---|---|
| 10/10/2002 | 70 | ORDER by Judge Paul G. Rosenblatt granting motion to dismiss as to intervenor/dft Jimmy C Chisum (as he no longer has any interest in the action) by pla USA [67-1] party Jimmy C Chisum terminated tlabels (cc: all counsel) (DMT) (Entered: 10/10/2002) |
| 11/20/2003 | 71 | MINUTE ORDER: The United States having neither filed a Ninth Status Report by 9/6/02 or a Motion for Permanent Injunction, as it stated it would in its Eighth Status Report filed 7/3/02, IT IS ORDERED that the United States shall file a status report no later than 1/9/04. (cc: all counsel) [71-2] (TCA) (Entered: 11/20/2003) |
| 01/08/2004 | 72 | 9TH STATUS REPORT by pla USA (LAD) (Entered: 01/15/2004) |
| 03/09/2004 | 73 | MOTION (2nd) for permanent injunction as to dft Freeman by pla USA [73-1] (LAD) (Entered: 03/10/2004) |
| 03/09/2004 | 74 | NOTICE OF HEARING by pla USA setting motion (2nd) for permanent injunction as to dft Freeman by pla USA [73-1] at 9:30 6/15/04 (LAD) (Entered: 03/10/2004) |
| 03/12/2004 | 75 | NOTICE OF Amendment of Date for HEARING by pla setting Motion (2nd) for permanent injunction as to dft Freeman by pla USA [73-1] at 9:30 6/22/04 (SAT) (Entered: 03/12/2004) |
| 06/14/2004 | 76 | MINUTE ORDER: Due to a conflict with the Court's jury trial schedule, IT IS ORDERED that the hearing on the Government's Motion for Permanent Injunction set for 6/22/04 is vacated and reset to Thursday, 7/29/04 at 9:30 a.m. in Courtroom 601 of the Sandra Day O'Connor U.S. Courthouse, 401 W. Washington St., Phoenix. (cc: all counsel) [76-1] (TCA) (Entered: 06/14/2004) |
| 06/17/2004 | | REMARK as to Clifford B Freeman: instructions re exhibits remailed to address located on returned mail envelope; address update request submitted to attorney maintenance; dft requested to submit a notice of change of address (LAD) (Entered: 06/17/2004) |
| 06/21/2004 | 77 | RETURNED MAIL addressed to: Clifford B Freeman re order (minute) [76-1]; "return to sender, not deliverable as addressed;" remailed to address from returned envelope (now updated in System) on 6/24/04 (LAD) (Entered: 06/24/2004) |
| 07/29/2004 | 78 | MINUTE ENTRY before Judge Paul G. Rosenblatt. Crt Rptr: L.Lemke. Appearances: Robert Bartels for pla Hearing held. Plaintiff Opening Statement. Exhibits 201-220 admitted. Cindy Lu Mayo sworn and examined. Exhibit 41, John Wilson sworn and examined. Verl Garrett sworn and examined. Exhibits 201-205. IT IS ORDERED granting motion (2nd) for permanent injunction as to dft Freeman by pla USA [73-1]. Plaintiff to provide Court with a form of order no later than 9/2/04. All exhibits returned at conclusion of hearing. [cc: all parties] [78-1] (TCA) (Entered: 07/29/2004) |
| 07/29/2004 | 79 | EXHIBIT LIST submitted by pla USA (LAD) (Entered: 08/02/2004) |
| 07/29/2004 | 80 | WITNESS LIST by pla USA (LAD) (Entered: 08/02/2004) |

| 08/24/2004 | 81 | Transcript Designation and Ordering Form by pla USA re 7/29/04 ruling hearing (LAD) (Entered: 08/27/2004) |
|---|---|---|
| 08/24/2004 | 82 | EXCERPTED TRANSCRIPT of motion hearing by Court Reporter: Elizabeth Lemke for the following date(s): 7/29/04 (BULKY DOCUMENT) (LAD) (Entered: 08/27/2004) |
| 08/27/2004 | 83 | NOTICE by pla USA of submission and service of proposed order (LAD) (Entered: 08/30/2004) |
| 09/28/2004 | 84 | ORDER by Judge Paul G. Rosenblatt IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Freeman shall, within 90 days after the date of today's Order, (a) remove all permanent and temporary structures, vehicles, equipment and other man-made materials from the subject lands, and (b) reclaim and return the subject lands to their natural state. IT IS FURTHER ORDERED that any and all permanent or temporary structures, vehicles, equipment and other man-made materials that remain on the subject lands after 90 days from the date of today's Order are forfeited to the United States and that the United States may then remove and dispose of said property at Defendant Freeman's expense. IF IS FURTHER ORDERED that the United States may require Defendant Freeman to reimburse it for any reasonable expenses that it must incur to reclaim and return the subject lands to their natural state after 90 days from the date of today's Order. IT IS FURTHER ORDERED that Defendant Freeman, his agents, employees, successors and all persons in active concert and participation with him are permanently enjoined from occupying or using the subject lands after 90 days from the date of this Court's Order, unless and until Defendant Freeman (1) submits to the Bureau of Land Management (BLM) a Plan of Operations that complies with 42 CFR Subpart 3809, (2) complies with the other requirements of 43 CFR Subpart 3715 and (3) obtains a concurrence of occupancy from the BLM. (cc: all counsel) (cc: all counsel) re: order filed [84-1] (LAD) (Entered: 09/28/2004) |
| 09/28/2004 | 85 | JUDGMENT: re: order filed [84-1] to dismiss case ; IT IS THEREFORE ORDERED AND ADJUDGED that Defendant Freeman shall, within 90 days after the date of today's Order, (a) remove all permanent and temporary structures, vehicles, equipment and other man-made materials from the subject lands, and (b) reclaim and return the subject lands to their natural state. IT IS FURTHER ORDERED that any and all permanent or temporary structures, vehicles, equipment and other man-made materials that remain on the subject lands after 90 days from the date of today's Order are forfeited to the United States and that the United States may then remove and dispose of said property at Defendant Freeman's expense. IF IS FURTHER ORDERED that the United States may require Defendant Freeman to reimburse it for any reasonable expenses that it must incur to reclaim and return the subject lands to their natural state after 90 days from the date of today's Order. IT IS FURTHER ORDERED that Defendant Freeman, his agents, employees, successors and all persons in active concert and participation with him are permanently enjoined from occupying or using the subject lands after |

|  |  | 90 days from the date of this Court's Order, unless and until Defendant Freeman (1) submits to the Bureau of Land Management (BLM) a Plan of Operations that complies with 42 CFR Subpart 3809, (2) complies with the other requirements of 43 CFR Subpart 3715 and (3) obtains a concurrence of occupancy from the BLM. (cc: all counsel/jgm drawer) (LAD) (Entered: 09/28/2004) |
| 02/17/2005 | 86 | ORDER by Judge Paul G. Rosenblatt ; status hearing set for 1:30 3/2/05 , ; status report due 2/28/05 (cc: all counsel) (SRB) (Entered: 02/17/2005) |
| 02/28/2005 | 87 | STATUS REPORT by pla USA (SRB) (Entered: 03/02/2005) |
| 03/02/2005 | 88 | MINUTE ENTRY before Judge Paul G. Rosenblatt. Crt Rptr: Liz Lemke. Appearances: Robert Bartels is present for Plaintiff. Also present is Government representative Ralph Costa. Defendant Clifford Freeman is present on his own behalf. Jimmy Chissum is present with Defendant. Status hearing is held. [cc: PGR] [88-2] (SJF) (Entered: 03/04/2005) |
| 05/25/2005 | 89 | FINAL REPORT by pla USA re enforcement of judgment (SRB) (Entered: 05/26/2005) |

| **PACER Service Center** | | |
|---|---|---|
| **Transaction Receipt** | | |
| 05/24/2007 09:36:21 | | |
| **PACER Login:** | ux3047 | **Client Code:** | |
| **Description:** | Docket Report | **Search Criteria:** | 2:99-cv-02083-PGR |
| **Billable Pages:** | 5 | **Cost:** | 0.40 |